**VENTANA INVESTMENTS, a Texas General Partnership, Pride House Care Corp., the Britwill Company, and Bruce H. Whitehead, individually, Plaintiffs,**

v.

**909 CORPORATION, f/k/a Underwood, Neuhaus, & Co., Inc., Kemper Financial Companies, Inc., Lovett, Mitchell, Webb & Garrison, Inc., Franklin Financial Services, Inc. and William Sorenson, Defendants,**

v.

**RESOLUTION TRUST CORPORATION, as Conservator for Franklin Federal Savings Association, Intervenor.**

No. 1:93–CV–0495.

United States District Court,
E.D. Texas,
Beaumont Division.

March 7, 1995.

Carl A. Parker, Parker & Parks L.L.P., Port Arthur, TX, Morris C. Gore, Dallas, TX, for Ventana Investments, Pride House Care Corp., Britwill Co. Bruce H. Whitehead.

Bruce Manuel Partain, Jim Mitchell Smith, Tanner Truett Hunt, Jr., Wells Peyton Beard Greenberg Hunt & Crawford, Beaumont, TX, for All plaintiffs.

Patrick Zummo, Carolyn Brostad Southerland, Baker & Botts, Houston, TX, for 909 Corp., William Sorenson.

Barbara Jane Barron, Mehaffy & Weber, Beaumont, TX, for Kemper Financial Co. Inc., Lovett Mitchell Webb & Garrison, Inc.

Patrick Zummo, Carolyn Brostad Southerland, J. Michael Baldwin, Baker & Botts, Houston, TX, for Franklin Financial Services Inc.

Patrick Zummo, Baker & Boots, Houston, TX, for Resolution Trust Corp.

## MEMORANDUM OPINION

COBB, District Judge.

Before the court is defendants', 909 Corporation, Franklin Financial Services, Inc., William Sorenson, and Resolution Trust Corporation, application for attorneys' fees. Defendants contend that the Texas Civil Practice & Remedies Code section 38.001 entitles them to attorneys' fees in this case. This court grants the defendants' request in part and denies it in part. First, the Federal Rule of Civil Procedure 54(d)(2)(B) requires a party to file its motion for attorneys' fees no later than 14 days after final judgment. All defendants failed to meet this requirement. The final judgment was entered on November 22, 1994. Defendants filed this motion for attorneys' fees on January 6, 1995. This court refuses to extend the time period provided for under Rule 54(d)(2)(B) to apply for attorneys' fees.

Only defendant 909 Corporation (909 Corp.) has a statutory right under Texas law to receive attorneys' fees. 909 Corp. filed a counterclaim for repayment of a loan. This counterclaim was based on the interpretation of a written contract between the 909 Corp. and plaintiff Ventana Investments and, as such, is governed by the provisions of the Texas Civil Practice & Remedies Code section 38.001. This court grants only those attorneys' fees as attributable to 909 Corp. and directs the defendants to segregate the attorneys' fees incurred in defending this lawsuit from the litigation of the counterclaim.

## BACKGROUND

The tortured background of this case extends well beyond the realm of necessary reiteration. Suffice it to say that this court entered final judgment in favor of defendants on their summary judgment motion against plaintiffs and on defendants' counter claim against plaintiffs on November 28, 1994. Plaintiffs basic contention was that the defendants breached a contract to perform underwriting services for plaintiffs' future bond issuance. This court previously found that no enforceable contract for underwriting services existed between the parties.

Defendants also filed a counterclaim alleging that the parties executed two notes that were now past due and payable. A note for $100,000 specifically stated that it was due and payable at the closing of the Iowa bond issuance. The second note stated that $700,000 was due and payable in full on June 1, 1990, or upon consummation of the purchase of the Arkansas facilities, whichever occurred first.

The Iowa transaction closed on or about August 1, 1989. Ventana paid only $50,000 of the $100,000 note dated May 22, 1989. Since the Arkansas transaction was not consummated, the second note was due and payable by its terms on June 1, 1990. Ventana did not pay the second note for $700,000 after the June 1, 1990 contract date. This court found that plaintiffs breached these loan agreements and ordered that the notes be repaid.

## ANALYSIS

■ After breaching their orally unenforceable contract to perform underwriting services, defendants now seek attorneys' fees from the plaintiffs. Defendants are not entitled to attorneys' fees for defending against plaintiffs' original suit. Section 38.001 of the Texas Civil Practice and Remedies Code provides that any person may recover reasonable attorneys' fees in addition to the amount of a valid claim and costs for suits involving breach of contract. Tex.Civ.Prac. & Rem. Code § 38.001 (Vernon 1986). The statute makes no reference to awarding attorneys' fees to the defendant for the successful defense of a contractual lawsuit. Counsel for the parties have cited no Texas case which permits such fees, and this court has not been able to unearth one.

■ In the present case, only defendant 909 Corp.'s counterclaim for breach of the two loan agreements between the parties qualifies the defendant for attorneys' fees under section 38.001. The prerequisites to recover for attorneys' fees under section 38.001 are: (1) the recovery of a valid claim in a suit on an oral or written contract; (2) representation by an attorney; (3) presentment of the claim to the opposing party; and (4) failure of the opposing party to tender payment of the just amount owed before the expiration of thirty days from presentment. *Sikes v. Zuloaga*, 830 S.W.2d 752, 753 (Tex. App.—Austin 1992, no writ) (citing Tex.Civ. Prac. & Rem.Code § 38.001–38.002 (1986)). 909 Corp. meets all the requirements to receive attorneys' fees under section 38.001. This court previously held that plaintiffs owed defendant 909 Corp. money for two due and payable notes. 909 Corp. is obviously represented by counsel. 909 Corp. also made a proper presentment of this claim to the plaintiffs and plaintiffs failed to make proper payment before thirty days after the presentment of the claim. Therefore, this court is statutorily required to award attorneys' fees to 909 Corp. for prevailing on its counterclaim for the breach of a loan agreement.

■ The general rule under Texas law requires that the party seeking attorneys' fees in a suit involving multiple parties bears the burden of segregating the fees owed. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11 (Tex.1991). In some cases, the prevailing party may recover attorneys' fees covering all claims. *See Oadra v. Stegall*, 871 S.W.2d 882, 888 (Tex.App.—Houston [14th Dist.] 1994, no writ). This court does not find that the attorneys' fees generated in connection with the defense of plaintiffs' claims are so "intertwined to the point of being inseparable" to the fees generated by defendant's counterclaim to permit the defendants to collect fees covering all claims. *See Sterling*, 822 S.W.2d at 11 (citing *Gill Sav. Ass'n v. Chair King, Inc.*, 783 S.W.2d 674,

680 (Tex.App.—Houston [14th Dist.] 1989), *modified,* 797 S.W.2d 31 (Tex.1990)). Therefore, this court orders defendant 909 Corp. to segregate its fees generated by the counterclaim for enforcement of the two notes. This court will then award an amount of attorneys' fees to 909 Corp. as it finds just and proper under the circumstances.

For the foregoing reasons, this court DENIES the defendants application for attorneys' fees in part and ORDERS 909 Corp. to segregate the fees attributable to the defense of the plaintiffs' claims from the presentment of the counterclaim. After 909 Corp. presents its segregated fees and plaintiffs respond to that fee determination, this court will award 909 Corp. an amount of attorneys' fees which are just and proper under section 38.001 of the Texas Civil Practice and Remedies Code.