NO. 07-00-0534-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 3, 2001
_____

BARBARA MASSEY,

Appellant

v.

TEKSYSTEMS, INC.

Appellee
_____

FROM THE 72nd DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-508-420; HON. BLAIR CHERRY, PRESIDING
_____

Before Boyd, C.J., Quinn and Johnson, JJ.

Barbara Massey (Massey) appeals from a summary judgment entered in favor of TEKsystems, Inc. (TEK). She contends that the entry of the judgment was improper because 1) the evidence raised a genuine issue of fact regarding whether her employment was at the will of her employer and 2) TEK was not entitled to the award of attorney's fees, as a matter of law. We affirm in part and reverse in part.

***Background***

On June 15, 1998, Massey and TEK entered into a written employment agreement. The agreement contained a provision stating that she was an "at will" employee. So too did it state (through an addendum) that she would "receive as base compensation . . . an annual salary of $34,000 payable in equal weekly installments." TEK discharged Massey, and the latter sued for breached contract to recover the remaining salary she believed was due her. In effect, Massey opined that her employment was not "at will" but for a term of one year. And, because TEK fired her before the expiration of one year, she was entitled to recover the difference between $34,000 and the salary paid her while employed.

TEK moved for summary judgment on the matter. The trial court granted same, holding that ". . . Massey was an at will employee . . . ." So too did it order that "all fees and costs incurred by TEK[] in defense of this matter shall be paid to TEK[] by Plaintiff." Massey appealed.

*Standard of Review*

The applicable standard of review is well-settled and need not be reiterated. Instead, we cite the parties to *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910 (Tex. 1997) and *Nixon v. Mr. Property Management Co. Inc.*, 690 S.W.2d 546 (Tex. 1985) (involving the standard generally applicable to summary judgments) for an explanation of same.

*Issue One — Status as an "at will" employee*

Massey initially contends that a question of fact existed regarding whether she was an at will employee. This was so because TEK engaged to pay her an "annual salary" of $34,000. And, her salary being calculated on an annual basis allegedly evinced intent to

2

make her term of employment one year, despite the contractual provision bestowing upon her "at will" status. We disagree.

As per the choice-of-law provision within the employment contract, we apply the law of Maryland in determining whether Massey was worked at the will of TEK. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex. 1990), cert. denied, 498 U.S. 1048, 111 S. Ct. 755, 112 L. Ed.2d 775 (1991). Furthermore, under that body of law we find authority holding that "a hiring at so much a week, a month or year, no time being specified, does not, in itself, make more than an indefinite hiring." *McIntyre v. Guild, Inc.*, 659 A.2d 398, 410 (1995). In other words, our Maryland brethern have held that calculating compensation on a weekly, monthly or annual basis does not alone evince an intent to convert an "at will" relationship to one of a specific term. Thus, specification that Massey was to receive a certain sum per annum is no evidence of an intent to bind TEK to employ her for any particular term.

So, what we have before us is an agreement expressly stating that:

Employee understands and agrees that the term of employment under this Agreement is 'at will', with no certain term of employment being offered or promised, and that no guaranteed or definite term of employment is being given or employed under this agreement. Employee or TEK[] may terminate Employee's employment, with or without cause, at any time.

And, because we must interpret contracts as written, we can only hold that Massey was an "at will" employee. In so holding below, the trial court did not err.

*Issue Two — Attorney's Fees*

Next, Massey objects to the trial court's award of attorney's fees to TEK. The court allegedly erred because 1) TEK neither requested same in its live pleadings nor tendered

3

competent evidence establishing the amount incurred or their reasonableness and 2) neither statute nor common law permitted such an award.[1]  We need only address the latter contention and, in addressing it, sustain it.

Neither party cites to or discusses the law of Maryland when discussing the issue. Thus, we presume it to be identical to that of Texas.  *Holden v. Capri Lighting, Inc.*, 960 S.W.2d 831, 833 (Tex. App.--Amarillo 1997, no pet.).  Furthermore, in Texas, authority holds that attorney's fees may not be recovered from an opposing party unless such recovery is provided by statute or contract. *Travelers Indem. Co. v. Mayfiled*, 923 S.W.2d 590, 593 (Tex. 1996).  Nothing in the employment contract at bar obligates Massey to pay the attorney's fees of TEK upon TEK's successful defense of a breach of contract claim. And, while Massey may have been entitled to recover her fees under §38.001 *et. seq.* of the Texas Civil Practice and Remedies Code had she prevailed, that statute does not entitle one who successfully defends against such a claim to recovery attorney's fees. *Ventana Inv. v. 909 Corp.*, 879 F. Supp. 676, 678 (E. D. Tex. 1995), *vacated on other grounds*, 65 F.3d 422 (5th Cir. 1995).  Nor has TEK cited us to any authority holding to the contrary or otherwise supporting its alleged entitlement to fees.

---

[1]TEK contends that Massey waived the argument because she failed to raise it below.  However, long ago our Supreme Court held that a non-movant may assert on appeal that a particular ground allegedly warranting summary judgment was insufficient as a matter of law, irrespective of whether that same assertion was urged before the trial court.  *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979).  Urging that state law prohibits an award of attorney's fee (as Massey did here) is tantamount to an assertion that the grounds purportedly entitling the recipient to such fees were insufficient as a matter of law.

4

In sum, we find neither statute nor contractual provision entitling TEK to recover its attorney's fees incurred in defending against Massey's claim of breached contract. Consequently, the trial court erred, as a matter of law, in awarding same.

*Frivolous Appeal*

Finally, TEK asks that we award it damages against Massey since Massey allegedly pursued a frivolous appeal. TEX. R. APP. P. 45 (permitting the court to award damages to the prevailing party if the appeal is held to be frivolous). Given that the trial court erred in awarding TEK attorney's fees, we cannot hold that the appeal was frivolous. Consequently, TEK's request is denied.

The judgment of the trial court is reversed to the extent that it awards TEK "fees" (which we construed to mean attorney's fees) against Massey. In all other respects, it is affirmed.

Brian Quinn
Justice

Do Not Publish.