EARTH SCIENCES COMPANY,
Appellant,

v.

LINDLEY INTERNATIONAL,
INC., Appellee.

No. 16770.

Court of Appeals of Texas,
San Antonio.

April 20, 1983.

John H. Brownlee, III, Houston, for appellant.

John H. Burris, Alice, for appellee.

Before CADENA, Chief Justice, and CANTU and TIJERINA, JJ.

## OPINION

CADENA, Chief Justice.

This is an appeal from an order overruling a plea of privilege. Plaintiff, Lindley International, Inc., filed suit in Jim Wells County on a sworn account alleging that an agreement had been entered into with defendant, Earth Sciences Co., through its agents, servants or employees for the repair of two trucks, that the services were performed, that the services were accepted and a promise to pay made by the signing of various invoices and work orders by defendant's agents, servants or employees and that defendant obtained the use and benefit of the services without paying the total amount due.

Defendant responded by plea of privilege and original answer that it was at the time of institution of the suit a sole proprietorship, with sole business premises located in Harris County and denied that the invoices were executed by it or with its authority, or that the services had been accepted.

By controverting plea, plaintiff asserted the venue exception of Tex.Rev.Civ.Stat. Ann. art. 1995, subd. 5 (Vernon 1964), arguing that the invoices, signed by defendant's agents obligating payment in Jim Wells County, constitute a written contract performable in Jim Wells County. Following a hearing on the matter, the trial court denied defendant's plea of privilege. Defendant contends in its sole point of error, that there is no evidence or, in the alternative, insufficient evidence to support the order. We disagree.

To sustain venue in Jim Wells County under subdivision 5 of article 1995 it is necessary for plaintiff to establish by a preponderance of the evidence:

  (I) that the defendant is a party reached by the statute;

  (II) that the claim is based on a written contract;

  (III) that the contract was entered into by the defendant or by one authorized to bind him or was assumed or ratified by him;

  (IV) that the contract by its terms provides for performance of the obligation sued upon in the county of suit.

*Rogers v. Thompson,* 554 S.W.2d 803, 804 (Tex.Civ.App.—San Antonio 1977, no writ). Defendant only challenges the implied findings of the Court establishing elements II and III, above.

Defendant alleges plaintiff's pleadings are such that only express authority was pleaded and thus neither apparent authority nor ratification can be relied upon to support their venue contention. We have examined the pleadings, and have determined they are sufficient to at least allege ratification.

Ratification may occur when a principal, though without knowledge originally of the unauthorized act of the agent, retains the benefits of the transaction after acquiring full knowledge. *Land Title Co. of Dallas v. F.M. Stigler,* 609 S.W.2d 754 (Tex.1980). Plaintiff's first amended petition and its controverting plea succinctly allege that appellant "has accepted the terms of said written contract and obtained the use and benefit therefrom, but has not paid for the same." The evidence is also sufficient to support a finding of ratification.

The written contracts relied upon by plaintiff to support its venue contention are four printed work orders used in its service department. Included in the form is a statement that all accounts are due and payable at the dealership in Alice, Jim Wells County, Texas.

Plaintiff's service manager testified that he completed the service orders in question, including defendant's name, the chassis numbers and the license numbers of the trucks. Both of the trucks had defendant's name printed on the side. One of the work orders was signed by a Roy Chaney and two others by a Jim Hale, all in the service manager's presence. The fourth was not signed. The service manager also testified that he had no personal knowledge that either of the two men actually worked for defendant and his belief was based solely on what they told him. Other invoices sub-

mitted into evidence showed that in the past defendant had paid for work signed for by Chaney.

Plaintiff's business manager testified that in response to numerous demand letters, he received a letter on defendant's stationery stating in part:

\*    \*    \*    \*    \*    \*

As per our telephone conversation, enclosed is a check for $1,000.00. Please accept this check as a sign of our intention to pay you the full balance due. We are sorry for any inconvenience this delinquency may have caused you. However, please bear in mind that when a small company like ours losses [sic] one of its largest accounts, that it takes us a while to get our cash flow going again.

\*    \*    \*    \*    \*    \*

The letter was purportedly signed by the defendant's office manager and the check referred to was attached. As a result of this letter, plaintiff telephoned Earth Sciences and spoke with both the office manager and the owner. No one denied the debt was due or that the work was contracted for without authority.

Generally, where ratification is raised the two key factors are the ratifying party's knowledge of the transaction and its actions once knowledge is acquired. *Land Title Company of Dallas, Inc. v. F.M. Stigler, Inc., supra.* The retention of benefits, *Id.,* coupled with appellant's failure to deny owing the debt, *see Diamond Paint Co. of Houston v. Embry,* 525 S.W.2d 529, 535 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.), and the $1,000.00 payment, *see Dockery v. Maple,* 125 S.W. 631, 632 (Tex.Civ.App.1910, no writ) (agreement to pay broker agent had hired), substantiate ratification in the case at bar. *Bell v. Texas Military College,* 91 S.W.2d 868 (Tex.Civ. App.—Fort Worth 1936, no writ).

Defendant's attempt on cross-examination to prove a lack of knowledge on the part of plaintiff's employees that they in fact spoke or dealt with the owner or the actual Earth Sciences offices, was insufficient to defeat the finding of ratification.

No findings of fact or conclusions of law appear to have been made or requested. We must presume that the issue of ratification raised by the evidence was resolved by the trial court in support of the order overruling defendant's plea of privilege. *Mac-Pet v. Oil Field Maintenance Co.,* 538 S.W.2d 240, 242 (Tex.Civ.App.—Corpus Christi 1976, no writ). Such finding is not against the great weight and preponderance of the evidence.

Defendant also contends that the ratification must be in writing for purposes of subdivision 5, citing *Hurst v. Rush,* 514 S.W.2d 472 (Tex.Civ.App.—Beaumont 1974, no writ). Defendant argues that the letter referred to above is insufficient as a written ratification because appellee did not prove that the office manager who signed the letter was in fact employed by Earth Sciences. This contention is also without merit. At trial, McMurrey, to whom the letter was addressed, testified he called the offices of Earth Sciences in Houston, Texas, at the number on their stationery. He spoke with the office manager who signed the letter in question, about payment on numerous occasions, both before and after he received the letter. He also spoke with the owner on another occasion at the same number in Houston. A message received over a telephone line maintained by a business office for business purposes was presumably received by an authorized person and this presumption becomes conclusive in the absence of proof to the contrary. *Sanderlin v. Dransfield,* 523 S.W.2d 794 (Tex.Civ. App.—Fort Worth 1975, no writ). Defendant offered no evidence at the venue hearing. Plaintiff's evidence is sufficient to support the court's implied finding of authority. Moreover, the letter, written in response to a demand letter by plaintiff, clearly evidences defendant's intent to pay for the service contracted for. The ratification goes not only to the amount due under the contract, but also to the requirement of where payment is due. One cannot ratify only the beneficial part of an obligation. *Land Title Co., supra.*

The only issue remaining is whether plaintiff's claim is based on a written contract. Defendant does not challenge the efficacy of the invoices as written contracts but rather their admission into evidence. At trial, defendant objected to admission on the grounds that plaintiff had not shown an agency relationship between Chaney and Hale and Earth Sciences. In view of the implied finding of ratification, it was not necessary for plaintiff to prove express authority. *See Little v. Clark,* 592 S.W.2d 61 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.).

We have determined that the evidence is sufficient to support the trial court's implied findings of fact essential to establish venue in Jim Wells County, Texas, under subdivision 5.

The order of the trial court is affirmed.