**Donald HOLDEN, et al., Appellants,**

v.

**CAPRI LIGHTING, INC.,
et al., Appellees.**

No. 07–96–0351–CV.

Court of Appeals of Texas,
Amarillo.

Oct. 1, 1997.

Thomas A. Laucius, Houston, for appellants.

Ronald D. Wren, Bedford, Henry S. Wehrmann, Stradley & Wright, Dallas, for appellees.

Before DODSON and QUINN and REAVIS, JJ.

REAVIS, Justice.

By three points of error, appellants Chubb Group of Insurance Co., Donald Holden, and Mary Holden (Chubb/Holden) appeal from a summary judgment rendered upon the motion of Capri Lighting, Inc. and Thomas Industries, Inc. (Capri and Thomas), alleging that Capri and Thomas have no liability for damages resulting from a fire caused by an allegedly defective light fixture manufactured by Capri Manufacturing Company, an operating division of BAS, a California corporation. Based on the rationale expressed, we will overrule the points of error and affirm the summary judgment.

On June 18, 1988, the residence of the Holdens was destroyed by a fire caused by an allegedly defective light fixture. The light fixture was manufactured in 1982 by BAS, a California corporation doing business as Capri Manufacturing Company, an operating division of BAS.[1] In 1984 BAS sold assets of Capri Manufacturing Company to Capri Lighting, Inc., a wholly owned subsidiary of BAS. The sale of assets expressly excluded product liability claims. Later, BAS also sold all of the common stock of Capri Lighting, Inc. to Thomas Industries, Inc., a Delaware corporation. BAS was voluntarily dissolved shortly thereafter.

## Procedural History

Chubb Group of Insurance Co. commenced this action under the Holdens' names by virtue of its subrogation rights, joined by the Holdens, seeking compensation for losses caused to the Holdens' home and personal belongings. Capri and Thomas filed a joint motion for summary judgment on the ground that the evidence conclusively established that they had no liability to the Holdens because they did not manufacture the light fixture and the transfer of assets from BAS to Capri Lighting, Inc. specifically excluded products liability claims. Capri and Thomas asserted that under Texas law, a successor corporation is not liable for claims against its predecessor which are not expressly assumed. Tex. Bus. Corp. Act Ann. art. 5.10 B(2) (Vernon Supp.1997). Chubb/Holden filed a response to the summary judgment motion and a motion to take judicial notice of California law requesting that the trial court apply California law.

The motion for summary judgment and the motion to take judicial notice of California law were heard on April 21, 1995. On May 2, 1995, the trial court signed a summary judgment order that Chubb/Holden take nothing against Capri and Thomas. On May 26, 1995, the trial court signed an order denying the Chubb/Holden motion to take judicial notice of California law. The order did not specify any grounds or reasons for the denial, other than stating that the motion to take judicial notice of and apply California law, was without merit.

By three points of error, Chubb/Holden contend that the trial court erred in (1) applying Texas law rather than California law, (2) holding that Capri and Thomas were not liable as successors for a product liability claim, and (3) granting summary judgment because material fact issues existed. We disagree.

## Standard of Review

In a summary judgment proceeding the movant has the burden to show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). Once the movant has established a right to summary judgment, the non-movant has the burden to expressly present to the trial court, in a written answer or response to the motion, any issues that would defeat the movant's right to summary judgment. Tex.R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 679 (Tex.1979). If the non-movant fails to present a written answer or response to the trial court of issues that would defeat the summary judgment motion, he may not raise them for the first time on appeal as grounds for reversal. *Id.*

## Analysis

By their first and second points of error, Chubb/Holden contend that California law

1. BAS abandoned the use of this business name in 1984.

applies because it has the "most significant relationship" to the matter. *Gutierrez v. Collins*, 583 S.W.2d 312 (Tex.1979); *Crisman v. Cooper Industries*, 748 S.W.2d 273 (Tex. App.—Dallas 1988, writ denied). They also assert, citing *Ray v. Alad*, 19 Cal.3d 22, 136 Cal.Rptr. 574, 560 P.2d 3 (1977), that the "product line" exception to the general rule that a successor corporation is not liable for obligations not expressly assumed applies. However, because we dispose of these points of error on the basis of the motion to take judicial notice of California law, we do not address the conflict of laws issue.

■ Under Rule 202 of the Texas Rules of Civil Evidence, the trial court shall take judicial notice of the laws of other states if the moving party furnishes the court with "sufficient information" to enable it to comply with the request.[2] If the court is not furnished with "sufficient information" to establish the law of another state, the trial court may, in its discretion, choose not to judicially notice the sister-state law. *See Ogletree v. Crates*, 363 S.W.2d 431, 435 (Tex.1963). The standard of review of this evidentiary point is whether the trial court abused its discretion in declining to take judicial notice of California law. *Shenandoah Assoc. v. J & K Properties*, 741 S.W.2d 470, 490 (Tex.App.—Dallas 1987, writ denied). Chubb/Holden do not address this standard. Moreover, in the absence of pleading and proof of the law of a sister state, Texas courts will presume that the law of a sister state is identical to Texas law. *Humphrey v. Bullock*, 666 S.W.2d 586, 589 (Tex.App.—Austin 1984, writ ref'd n.r.e.).

■ According to the record, the only information presented to the trial court by Chubb/Holden was an incomplete copy of *Ray v. Alad*, 19 Cal.3d 22, 136 Cal.Rptr. 574, 560 P.2d 3 (1977), which they contend established the "product line" exception to the general rule on successor liability, which was attached to their response to the motion for summary judgment. Chubb/Holden did not provide the trial court with any other information on California law, such as a deposition or affidavit of a California attorney, or other-

wise, to indicate if *Ray*, which is twenty years old, is still in effect, or to show that California law does not have a statute similar to article 5.10 B(2) of the Texas Business Corporation Act Annotated (Vernon Supp. 1997). Furthermore, at the hearing on the motion to take judicial notice, counsel for Capri and Thomas pointed out that Chubb/Holden failed to provide sufficient information to prove California law.

■ Without "sufficient information" to prove California law, a Texas court will presume that it is identical to the law of Texas, which provides that a successor corporation is not liable for obligations not expressly assumed. Tex. Bus. Corp. Act Ann. art. 5.10 B(2) (Vernon Supp.1997); *Celotex Corp. v. Tate*, 797 S.W.2d 197, 206 (Tex.App.—Corpus Christi 1990, writ dism'd by agr.). Therefore, the trial court did not err in applying Texas law by which Capri and Thomas are not liable to Chubb/Holden for a products liability claim. We overrule points of error one and two.

■ By their third point of error, Chubb/Holden contend that material fact issues exist on whether the defective light fixture entered the stream of commerce in Texas or California, and on whether the "product line" exception created by *Ray* was met. In their written response to the motion for summary judgment, Chubb/Holden objected to the summary judgment motion because (1) it was not supported by the pleadings of Capri and Thomas; (2) the affidavits in support of the motion contained conclusionary statements; and (3) an unpublished opinion was cited as authority. However, the alleged fact issues raised in the Chubb/Holden brief on appeal were not expressly presented to the trial court in writing as required by Rule 166a(c) of the Texas Rules of Civil Procedure. Therefore, under *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 679 (Tex.1979), Chubb/Holden may not assign error based on these issues as reasons for reversal of the summary judgment.

---

**2.** Olin Guy Wellborn, *Judicial Notice Under Article II of the Texas Rules of Evidence*, 19 St. Mary's L.J., 1, 27 (1987).

Moreover, even if we consider the newly raised issues, the application of Texas law, which we must presume is identical to the law of California, requires us to affirm the summary judgment because under Texas law a successor corporation is not liable for obligations of its predecessor unless expressly assumed. Point of error three is overruled.

Accordingly, the summary judgment is affirmed.