NO. 07-03-0412-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 22, 2004


______________________________



BILLY JOE MCKEE, individually and as independent executor 


of the estate of THELMA MCKEE, deceased,



 Appellant


v.



DAVID G. MCNEIR, M.D., DENNIS DOVE, M.D., individually and d/b/a DOVE & 

ASSOCIATES, and BARRY L. HOROWITZ, M.D., 



 Appellees

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 87,938-B; HON. JOHN B. BOARD, PRESIDING


_______________________________



Opinion


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1) 

 Billy Joe McKee, individually and as independent executor of the estate of Thelma
McKee, deceased (McKee), appeals from a judgment denying him recovery against Dr.
David G. McNeir (NcNeir), Dr. Dennis Dove, individually and d/b/a Dove & Associates
(Dove), and Dr. Barry L. Horowitz (Horowitz). His sole issue involves the trial court's
refusal to admit evidence, during the rebuttal phase of the trial, of prior medical malpractice
claims against Dove. (2) McKee sought to admit the evidence 1) because the defendants
purportedly "opened the door" to it and 2) for purposes of rebutting Dove's opinions. 
However, the trial court excluded it because it was not rebuttal evidence, no one had
opened the door to its admission, and its prejudicial effect "would far outweigh any
probative value" it may have. We affirm the judgment of the trial court.

 Standard of Review

 The appropriate standard of review is one of abused discretion. That is, before we
can say that the trial court erred in excluding the evidence, we must conclude that the
decision evinced an instance of abused discretion. City of Brownsville v. Alvarado, 897
S.W.2d 750, 753-54 (Tex. 1995). It evinces such an instance when it fails to comport with
guiding rules or principles. Id.

 Next, and assuming arguendo that we were to hold that the trial court did err,
authority prohibits us from reversing the judgment unless we determine that the "case
turn[ed] on the evidence excluded . . . ." Id.; accord, Nissan Motor Co. v. Armstrong, 145
S.W.3d 131, 144 (Tex. 2004) (so holding). And, the burden lies with the complainant to
demonstrate that. Nissan Motor Co. v. Armstrong, 145 S.W.3d at 144.

 As to the guiding principles applicable at bar, we find several in the Texas Rules of
Evidence. The first mandates that evidence of other wrongs is not admissible to prove the
character of a person to show that he acted in conformity with that character. Tex. R. Evid.
404(b). It may, however, be received by the trial court if offered for other purposes, such
as to prove motive, plan, scheme, knowledge, or identity, for instance. Id. Finally, even
if admissible, the trial court may still exclude it if the probative value of the evidence, if any,
is substantially outweighed by the danger of unfair prejudice, confusing of the issues, or
misleading the jury. Tex. R. Evid. 403.

 Application of Standard

 Underlying McKee's argument on appeal is the proposition that the evidence of other
malpractice claims was admissible due to the similarity between the alleged neglect there
involved and that involved here. Yet, our review of the record fails to illustrate that such a
contention was urged below. Again, McKee informed the trial court that the evidence was
admissible to discredit Dove's opinions and because the door to its use had been opened. 
Nowhere did he urge that it was admissible due to its similarity to the circumstances or
claims before us. Since the grounds asserted on appeal must comport with those
mentioned at trial to preserve a complaint, Moser v. Davis, 79 S.W.3d 162, 169 (Tex.
App.-Amarillo 2002, no pet.), and they do not here, the issue was waived. 

 Next, to the extent that evidence of similar wrongs may be admissible, despite Rule
404(b), it is clear that, at the very least, the circumstances of the incidents and conditions
under which they occurred must be reasonably similar. Nissan Motor Co. v. Armstrong,
145 S.W.3d at 138 (involving unintended acceleration of a vehicle); Farr v. Wright, 833
S.W.2d 597, 601 (Tex. App.-Corpus Christi 1992, writ denied) (involving a malpractice
claim). And, the degree of similarity required depends upon the fact or issue in dispute. 
Nissan Motor Co. v. Armstrong, 145 S.W.3d at 138. Yet, even if similar, the evidence
remains subject to exclusion if it creates undue prejudice, confusion, or delay. Id. 

 Additionally, inherent in both Nissan and Farr is the requirement that the proponent
of the evidence illustrate that the supposedly similar incident actually occurred. Simply put,
if the incident did not happen, then it could hardly be admissible to prove the occurrence
of some other act or event. And, therein lies the problem here. The only evidence of
record purporting to illustrate the existence of the extraneous incidents of malpractice were
copies of pleadings and final orders issued by various courts. Yet, most anything can be
said in a pleading, whether true or not. Consequently, including an allegation favorable to
the pleader in such a document is seldom evidence of its occurrence. See In re M.C., 65
S.W.3d 188, 193 (Tex. App.-Amarillo 2001, no pet.) (stating that "generally, pleadings are
not admissible as proof of their contents in favor of the pleader"). Furthermore, the final
orders accompanying each pleading in question say nothing about the veracity of the
particular plaintiff's claims. Instead, they either indicate that the claims were settled or that
recovery was denied; none state that Dove was negligent or that the incident described in
the respective pleading actually happened. So, because the incidents underlying McKee's
complaint before us appear as nothing more than mere allegations in various pleadings,
we find no basis upon which to infer that they actually occurred or that they were
reasonably similar to those underlying the claims against Dove. 

 In short, the record does not permit us to hold that the trial court abused its
discretion in excluding the evidence in question. Thus, we overrule McKee's issue and
affirm the judgment of the trial court.


 Brian Quinn

 Justice 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon 1998). 
2. Though some 20 different suits were mentioned at trial, not all involved medical malpractice claims. 
Furthermore, McKee represented during oral argument and in his brief that he is concerned only about eight
particular instances of litigation. 



lse" Priority="62" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Grid Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00120-CV; 07-10-00121-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
9, 2011

 



 

HARVEY FLOYD HODO, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 18700-A, 18765-A; HONORABLE RICHARD DAMBOLD, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Harvey Floyd Hodo, an
inmate proceeding pro se, perfected
appeal from two trial court orders, dated March 23, 2010, in each referenced
cause, which, pursuant to section 501.014(e) of the Texas Government Code, authorized
the Texas Department of Criminal Justice, Institutional Division, to withhold
from Hodos inmate trust account the following amounts to pay for costs
associated with his criminal convictions: (1) $1,586.50 in cause number
18700-A; and (2) $486.50 in cause number 18765-A.  Hodo filed pro se notices of appeal on April 6, 2010, challenging the
withdrawal orders.  On June 17, 2010,
this Court abated the appeals for 180
days to allow Hodo time to take such action as is necessary to (1) obtain the
necessary documentation of the underlying court orders; (2) compare the
underlying court order to the withdrawal orders; (3) file appropriate motions to
modify, correct, or rescind the withdrawal orders; (4) present those motions to
the trial court; (5) schedule any necessary hearing; and (6) obtain from the
trial court final appealable orders addressing those motions.  See
Tex. R. App. P. 27.2; see
also Iacono
v. Lyons, 6 S.W.3d 715 (Tex.App.--Houston [1st Dist.] 1999, no pet.) (finding appeal prematurely filed and abating and remanding
to permit the jurisdictional defect to be cured).  

On January
10, 2011, this Court received a supplemental clerks record in these appeals
that includes a November 12, 2010 Order on Defendants Motion to Rescind the
Withdrawal Notification Orders, which modified the March 23, 2010 withdrawal
orders to omit the assessment of attorneys fees and Juvenile Crime and Delinq. Fee.  As a result of these modifications, the trial
court recalculated the costs associated with Hodos criminal convictions to be $1,286.00 in cause number 18700-A;
and $286.00 in cause number 18765-A.  The trial court further entered Amended
Orders to Withdraw Funds reflecting the modifications.  

These
appeals were reinstated on January 10, 2011. 
On January 11, 2011, Hodo was notified that, by order of this Court, his
appellate brief was due to be filed on or before February 10, 2011.  Hodo did not file his brief nor request an extension of time to
file his brief by this date. 
Consequently, by letter dated February 18, 2011, the Clerk of this Court
notified Hodo that his brief was past due and that failure to file his brief
with this Court on or before February 28, 2011, could result in dismissal of
his appeal pursuant to Rule 38.8(a) of the Texas Rules of Appellate
Procedure.  Hodo has neither filed his
brief nor responded to this Courts February 18, 2011 correspondence.

            Accordingly,
we now dismiss this appeal for want of prosecution and failure to comply with a
notice from the Clerk of this Court requiring a response or other action in a
specified time.  See Tex. R. App. P. 38.8(a)(1), 42.3(b), (c).

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice