NO. 07-07-0349-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 17, 2008

_____

IN THE INTEREST OF T.L.B., A CHILD

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 72,293; HONORABLE PAMELA SIRMON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Levohn H. Brown, an inmate in the Indiana Department of Correction appearing pro se, appeals the judgment of the trial court terminating his parental rights to his son T.L.B. Finding the trial court abused its discretion by denying Brown an opportunity to participate in the termination hearing and the error harmful, we will reverse and remand.

Background

T.L.B. and M.L.B. were the children born to the marriage of Brown and appellee Shanda L. Vance. On their divorce in 1998, the court appointed Brown and Vance joint

managing conservators of the two children. A 1999 modification order gave Brown the right to determine the primary residence of the children. Both children were living with Brown in Indiana in February 2000 when M.L.B. died as a result of injuries caused by Brown. He was convicted of her murder and incarcerated by the Indiana Department Correction at its Pendleton, Indiana facility. T.L.B. has lived with Vance since July 2000.

This is Brown's second appeal of an order of the trial court terminating his parental relationship with T.L.B. By petition filed in 2006, Vance sought termination of the parent-child relationship between Brown and T.L.B. on the ground that Brown had "been convicted for being criminally responsible for the death of a child, his daughter, under section 19.03 of the Texas Penal Code."[1] Following a hearing in August 2006, the trial court signed a judgment terminating Brown's parental rights to T.L.B. The order recited Brown "did not appear and wholly made default."

On Brown's appeal, we reversed the 2006 termination order, finding that he was denied notice of the hearing and an opportunity to be heard. *In re T.L.B.,* No. 07-06-0371, 2007 WL 763802, 2007 Tex.App. Lexis 1991 (Tex.App.–Amarillo, March 14, 2007, no pet.)

---

[1] Family Code section 161.001 establishes the grounds by which a court may involuntarily terminate a parent-child relationship. One of the statutory grounds provides termination may be ordered if the court finds by clear and convincing evidence:
    (1) that the parent has:
        (L) been convicted...for being criminally responsible for the death...of
    a child under the following sections of the Penal Code...
        (ii) Section 19.03 (capital murder);...and
    (2) that termination is in the best interest of the child.
Tex. Fam. Code Ann. § 161.001 (1) (L)(ii) & (2) (Vernon Supp. 2008). From the record, it appears without dispute that Brown was convicted by an Indiana state court for a violation of Indiana law. On appeal, Brown does not challenge the sufficiency of the evidence supporting the termination order.

(mem. op.). Our opinion remanded the cause "for further proceedings affording Brown a reasonable opportunity to be heard on the merits of the termination proceeding." 2007 WL 763802, at *3.

Retrial was set for June 13, 2007. The clerk's record before us on this second appeal does not contain notice to Brown of the date for retrial but, in a document entitled "Motion for Hearing by Video Teleconference" filed by Brown on May 14, 2007, he acknowledged awareness of the date. By his motion, Brown also stated his desire to participate in the hearing.[2]

Brown did not personally appear at the hearing nor did he appear by attorney.[3] Vance was the only witness. Questioned by her attorney and the attorney ad litem for T.L.B., Vance agreed that it was in the best interests of T.L.B. to terminate Brown's parental rights and change T.L.B.'s surname to Vance; T.L.B. was present "when his younger sister was abused and subsequently murdered"; T.L.B. desired to sever all ties with Brown; Brown was serving a life sentence without parole in an Indiana prison; and

---

[2] The motion stated:

Motion for Hearing by Video Teleconference

I, Levohn H. Brown, pro-se, hereby requests (sic) the Court to grant the Defendant, his Motion For Hearing by Video Teleconference. The Defendant would like to have the opportunity to represent himself at the final hearing in the above styled case, scheduled for Wednesday, June 13, 2007, at 1:30 pm. (underlining in original).

[3] Although indigent, Brown was not entitled to appointed representation in this private termination suit. *See In re J.C.,* 250 S.W.3d 486, 489 (Tex.App.–Fort Worth 2008, pet. filed).

3

Brown murdered M.L.B.  At the conclusion of Vance's testimony, the court admitted as petitioner's exhibit one, a certified copy of a "Chronological Case Summary" from the Huntington County, Indiana circuit court in a case entitled, *State v. Levohn Harrison Brown*. The document, which appears in the form of a printed docket sheet, chronicles judicial events in the Indiana murder prosecution of Brown up to his adjudication of guilt following the jury's verdict on March 15, 2001.

On receipt of petitioner's exhibit one, the court rendered judgment terminating the parental rights of Brown to T.L.B.  The court's judgment of termination, signed on June 13, recites that Brown "made a general appearance and was duly notified of trial but failed to appear and defaulted."  Brown timely filed notice of appeal.

Issues

Brown raises five issues on appeal: (1) he did not receive a copy of this court's "order" reversing and remanding the case following the first trial in 2006; (2) the trial court made no reply to his motion for hearing by video teleconference and to represent himself at trial; (3) the trial court was prejudiced by a letter in the clerk's record from Vance's fiancé; (4) the trial court clerk did not respond to a letter from Brown inquiring of the status of his motion for hearing by video teleconference; and (5) Brown was denied due process and due course of law.

Discussion

We begin with Brown's second and fifth issues, and will discuss them jointly. Liberally construing his brief,[4] we interpret Brown's complaint to be that the trial court erroneously denied his motion for hearing by video teleconference and to participate at the hearing, and in so doing denied him due process of law under the United States Constitution[5] and due course of law under the Texas Constitution.[6]

We review a trial court's determination to deny a prisoner's request to appear at a termination hearing for abuse of discretion. *In re Z.L.T.,* 124 S.W.3d 163, 165 (Tex. 2003) (addressing a bench warrant request). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). Discretion is not abused, however, simply because a trial court decided an issue within its discretion differently than would the reviewing appellate court. *Id.* at 242.

By his May 14 motion, Brown requested the hearing of Vance's petition for termination be conducted by video teleconference and that he be permitted to participate in the hearing. The motion contained a proper certificate of service indicating service by

---

[4] *See* Tex. R. App. P. 38.1(e) (statement of issue in brief treated as covering every subsidiary question fairly included), 38.9 (substantial compliance with briefing rule sufficient); *In re Baby Boy R.,* 191 S.W.3d 916, 921 (Tex.App.–Dallas 2006, pet. denied) (appellate court obligated to liberally construe points raised in brief).

[5] U.S. Const. amend. XIV, § 1.

[6] Tex. Const. art. I, § 19.

5

mail on counsel for Vance. In his brief in this court, Brown contends by denying his requested appearance by video teleconference he was denied the right to cross-examine Vance and any witnesses she called.

Prior to taking evidence at the June 13 hearing, the court noted Brown's absence and inquired about his notice of the hearing. It then instructed its bailiff to call Brown's name three times in the hall. The court then noted Brown's motion and without argument or discussion ruled: "There is a motion for hearing by video teleconference that was filed by Levohn Brown May 14th of '07. An order was not included with the motion but the motion is denied."

In analyzing a claim of deprivation of procedural due process, we apply a two-part test: (1) whether the complaining party has a liberty or property interest entitled to protection; and (2) if so, what process is due. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 1153-54, 71 L.Ed.2d 265 (1982); *Univ. of Tex. Med. Sch. v. Than,* 901 S.W.2d 926, 929 (Tex. 1995). "[D]ue process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." *Boddie v. Connecticut,* 401 U.S. 371, 377-78, 91 S.Ct. 780, 785, 28 L.Ed.2d 113 (1971).[7] Status as a prison inmate does not strip a person of his

_____

[7] In claims of procedural due process, the Texas Supreme Court has found no meaningful distinction between Texas' protection of due course of law and the federal constitution's guarantee of due process. *University of Tex. Med. Sch. v. Than,* 901 S.W.2d 926, 929 (Tex. 1995). In a due course of law analysis, the Court looks to federal cases construing the guarantee of due process as persuasive authority. *NCAA v. Yeo,* 171 S.W.3d 863, 867-68 & 867 n.14 (Tex. 2005). We, therefore, conform our discussion to the claimed denial of due process under the United States Constitution.

6

constitutional right of reasonable access to the courts. *See Hudson v. Palmer,* 468 U.S. 517, 523, 104 S.Ct. 3194, 3198, 82 L.Ed.2d 393 (1984) (prison inmates may petition government for redress of grievances which includes reasonable access to courts). A parent's "right to the companionship, care, custody, and management of his or her children is an interest far more precious than any property right." *Santosky v. Kramer,* 455 U.S. 745, 758-59, 102 S.Ct. 1388, 1397, 71 L.Ed.2d 599 (1982) (internal quotation marks and citation omitted). Here, Brown possessed an interest entitled to protection.

To assess what process was Brown due, we weigh three factors: (1) the private interest affected by the proceeding or official action; (2) the countervailing governmental interest supporting use of the challenged proceeding; and (3) the risk of an erroneous deprivation of that interest due to the procedures used. *In re B.L.D.,* 113 S.W.3d 340, 352 (Tex. 2003) (*citing Mathews v. Eldridge,* 424 U.S. 319, 334-35, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976)); *see In re J.O.A.,* 262 S.W.3d 7, 20-21 (Tex.App.–Amarillo 2008, pet. granted).

The first factor carries great weight in this case. A termination decree is "complete, final, irrevocable [and] divests for all time the parent and child of all legal rights, privileges, duties, and powers with respect to each other except for the child's right to inherit." *Wiley v. Spratlan,* 543 S.W.2d 349, 352 (Tex. 1976); Tex. Fam. Code Ann. § 161.206(b) (Vernon Supp. 2008) (child retains right to inherit from and through the terminated parent unless court orders otherwise). "A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is, therefore, a commanding one." *Santosky,* 455 U.S.

7

at 758-59, 102 S.Ct. at 1397 (termination sought by state); *cf. Holick v. Smith,* 685 S.W.2d 18, 20 (Tex. 1985) (citing *Santosky* in private termination action for requirement of proof by clear and convincing evidence). Moreover, the private interest encompasses the child as well. *See In re M.S.,* 115 S.W.3d 534, 547 (Tex. 2003). For example, essential to termination under section 161.001 is proof by clear and convincing evidence that the decision is in the best interest of the child. Tex. Fam. Code Ann. § 161.001(1) & (2) (Vernon Supp. 2008). Brown sought participation in the hearing but under the circumstances leave rested exclusively with the trial court.

In a proceeding for termination of the parent-child relationship, the State has a compelling parens patriae interest in preserving and promoting the welfare of the child. *Rodarte v. Cox,* 828 S.W.2d 65, 79 (Tex.App.–Tyler 1991, writ denied) (*citing Santosky,* 455 U.S. at 766). The interest of the State also extends to assuring the lives of children are not held in limbo as the judicial termination processes advances. *B.L.D.,* 113 S.W.3d at 353. Accordingly, the State seeks efficient and economical resolution of parental rights in termination cases. The State's concern for disposition of the case on June 13 is apparent. The matter had been once appealed and at the noticed time for hearing all but Brown were present and ready for trial. Halting the proceedings in favor of permitting some participation by Brown likely would have required a continuance of the hearing, and might have been painful for Vance and T.L.B. But concerns for efficiency and economy are inferior to the private interest at stake as well as the risk of an erroneous termination decision. *M.S.,* 115 S.W.3d at 548. As the Texas Supreme Court has noted, "[t]ermination of parental rights is traumatic, permanent and irrevocable . . . . For this reason, any

8

significant risk of erroneous deprivation is unacceptable." *M.S.,* 115 S.W.3d at 549. When disputing parties join issue, a procedure that denies the participation of one party naturally heightens the prospect of an erroneous decision. Our system of justice tests the evidence and pursues truth not through private judicial inquiry but through an adversarial process employing such means as live testimony and confrontation by cross-examination. *See LaPointe v. State,* 166 S.W.3d 287, 294 (Tex.App.–Austin 2005, pet. dismissed). Although an inmate does not have an absolute right to appear personally in court in a civil case, *Armstrong v. Randle,* 881 S.W.2d 53, 56-57 (Tex.App.–Texarkana 1994, writ denied), he may not be denied reasonable access to the courts. *See Hudson,* 468 U.S. at 523, 104 S.Ct. at 3198 (prison inmates may petition government for redress of grievances which includes reasonable access to courts); *In re D.D.J.,* 136 S.W.3d 305, 313-14 (Tex.App.–Fort Worth 2004, no pet.). Several of our sister courts have held in bench warrant cases that if a court determines a pro se inmate in a civil suit may not appear personally, it should allow the inmate to proceed by telephone, affidavit, or deposition. *D.D.J.,* 136 S.W.3d at 314; *In re Marriage of Buster,* 115 S.W.3d 141, 144 (Tex.App.–Texarkana 2003, no pet.); *In re Marriage of Daugherty,* 42 S.W.3d 331, 336 (Tex.App.–Texarkana 2001, no pet.); *Byrd v. Attorney Gen. of Tex., Crime Victim's Comp. Div.,* 877 S.W.2d 566, 569 (Tex.App.–Beaumont 1994, no writ) *disapproved on other grounds by In re Z.L.T.,* 124 S.W.3d 163, 166 (Tex. 2003).

Among the cases Vance cites in support of her argument the trial court did not err by summarily denying Brown's motion is *In re B.R.G.,* 48 S.W.3d 812 (Tex.App.–El Paso, no pet.), which upheld a trial court's denial of a bench warrant. The case is distinguishable

9

from that at bar. The appellant in *B.R.G.* was complaining of a judgment awarding child support, not termination of parental rights. 48 S.W.3d at 814. Termination proceedings are strictly scrutinized. *Holick,* 685 S.W.2d at 20-21. Further, the defendant in *B.R.G.* asked only for a bench warrant. We read Brown's motion more broadly.

Applying the *Eldridge* factors, we find Brown was entitled to participate in the termination hearing. This may not have been feasible by video teleconference as he requested. The record offers no indication. But the trial court should have considered and authorized participation by telephone, affidavit, deposition, or some other reasonable means, the determination of which rested within its sound discretion. *See Lann v. La Salle County,* No. 04-02-00005-CV, 2003 WL 141040, at *1, 2003 Tex. App. LEXIS 549, at *3-4 (Tex.App.–San Antonio Jan. 22, 2003, no pet.) (memo. op.) (in suit for delinquent taxes, defendant pro se inmate, while not required to personally appear for trial, should have been allowed to proceed by another "viable" means). We find the trial court abused its discretion in its handling of Brown's motion requesting participation in the termination hearing.

We turn now to whether this error was harmful. We find no authority excusing even denial of due process claims in a parent-child termination case from the strictures of a harmful error analysis. *Cf. In re K.R.,* 63 S.W.3d 796, 799 (Tex. 2001) (Fourteenth Amendment did not preclude application of harmless error rule in termination case where imprisoned father was kept handcuffed in front of jury). To obtain reversal of a judgment based on trial court error, the appellant must show the error probably caused rendition of

an improper judgment or probably prevented the appellant from properly presenting the case to the appellate court. Tex. R. App. P. 44.1(a); *In re Baby Boy R,* 191 S.W.3d 916, 922-23 (Tex.App.–Dallas 2006, pet. denied).

Brown unsuccessfully moved to represent himself at the termination hearing and intended to conduct cross-examination. We are otherwise left without indication what evidence he would have adduced at trial since his participation was not permitted. This does not preclude a finding of harm, however. In *Monsanto Co. v. Davis,* a case concerning class certification, the court of appeals found the trial court abused its discretion by excluding a substantial body of documentary evidence offered by the defendants. 25 S.W.3d 773, 784-86 (Tex.App.–Waco 2000, pet. dism'd w.o.j.). The error, the court concluded, "plainly prevented Defendants from presenting their case" in the appellate court. *Id.* at 786. In a setting more like that before us, *Taylor v. Taylor,* was a divorce and child support proceeding against an incarcerated husband and father. 63 S.W.3d 93, 94 (Tex.App.–Waco 2001, no pet.). The trial court denied the defendant's request for a bench warrant and did not allow his participation by affidavit, deposition, telephone, or other effective means. *Id.* at 98. The case was tried in the absence of the defendant. The court's judgment inter alia recited that the defendant "'failed to appear and wholly made default.'" *Id.* at 96. The Waco court found the trial court abused its discretion by not allowing the defendant to participate in trial or present evidence in any manner. *Id.* at 98. Following *Monsanto,* the court concluded the error was harmful. By denying a bench warrant or alternative means of participation, the trial court probably prevented presentation of the defendant's case on appeal. *Id.*

11

Like *Taylor,* when the trial court here denied Brown any method of meaningful participation at trial it foreclosed his presentation of evidence countering that of Vance. This, in turn, "probably prevented [Brown] from properly presenting the case" on appeal. Tex. R. App. P. 44.1(a)(2); *see In re M.C.,* 65 S.W.3d 188, 194 (Tex.App.–Amarillo 2001, no pet.) (on appeal of divorce and paternity case, court found trial court's rulings excluding evidence probably prevented wife from fully presenting evidence and probably prevented proper presentation of case on appeal).  We sustain Brown's second and fifth issues.

## Conclusion

Finding Brown's second and fifth issues dispositive of the appeal, we do not address his remaining issues.  *See* Tex. R. App. P. 47.1.  We reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.


James T. Campbell
Justice


12