Marie M. CRENSHAW, as Independent Co–Executrix of the Estate of Lewis L. Crenshaw, and Individually, and as Surviving Wife of Lewis L. Crenshaw, and as Co–Trustee and Beneficiary of the Marie M. Crenshaw Trust, Appellant,

v.

Cynthia Crenshaw CHAPMAN, as Independent Co–Executrix of the Estate of Lewis L. Crenshaw, and Individually, and as Trustee and Beneficiary of the Cynthia Crenshaw Chapman Trust, and as Remainder Beneficiary of the Marie M. Crenshaw Trust, et al., Appellees.

No. 10–90–085–CV.

Court of Appeals of Texas,
Waco.

April 11, 1991.
Rehearing Denied Aug. 8, 1991.

Donald J. Baker, Baker, Hancock & Pollard, P.C., Waco, for appellant.

Vance Dunnam, Jr., Dunnam & Dunnam, Waco, Jack Welch, Welch & Butler, Marlin, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

In this probate case, we must decide if a trial by jury was improperly denied and if a "freeze" order is valid. Because we believe that a jury trial was properly requested and that the "freeze" order constituted an invalid injunction, we reverse the trial court's orders and remand the cause.

Lewis Crenshaw married Marie Crenshaw in May 1983. He was killed in an auto accident in April 1988, leaving a valid will which was admitted to probate in the County Court of Falls County. Marie Crenshaw and Cynthia Crenshaw Chapman, his daughter by a prior marriage, were appointed independent co-executrices of his estate by the county court and named co-trustees of the Marie M. Crenshaw Trust by the will.

On September 11, 1989, Marie filed a declaratory judgment action in the Falls County district court, seeking classification of certain assets of the estate as community property. Cynthia responded with a counterclaim, alleging breach of fiduciary duty and gross mismanagement. Marie filed an answer to the counterclaim on October 4, made a jury demand on December 6, and paid the jury fee on December 7. On December 6, the court coordinator set the case for trial on the jury docket on February 6, 1990, and, alternatively, on March 6 and notified all attorneys of the settings. No other settings had been made at that time.

On December 15, Cynthia filed a motion to remove Marie as co-executrix of the estate and co-trustee of the trust, alleging gross misconduct or gross mismanagement and legal incapacity to serve due to a conflict of interest—generally the same allegations as stated in the counterclaim. The court then ordered that the motion to remove be set for trial on the non-jury docket on January 3, 1990, 19 days after it was filed.

All of these activities took place in a single cause, no. 30,010 on the docket of the Falls County district court.

The January 3 setting was passed. On January 17 the court, over Marie's objections, conducted a non-jury trial, resulting in her removal as co-executrix and co-trustee and in the order imposing a "freeze" on $250,000 which she had withdrawn from the estate to satisfy a specific bequest of the will.

Marie brings thirty-six points of error. Points one through five complain of the denial of a jury trial. Points six through twelve assert that the "freeze" order is invalid because it is an injunction which does not comply with mandatory requirements of the rules of civil procedure. Point thirteen complains of a lack of personal service of citation when the motion to remove was filed. Points fourteen through sixteen assert procedural errors. Points seventeen through twenty question the sufficiency of the evidence for denial of her attorney's fees. Points twenty-one through thirty-six argue that the evidence is legally and factually insufficient to support the court's findings which led to her removal.

Section 21 of the Probate Code provides that "[i]n all contested probate ... proceedings in the district court ..., the parties *shall* be entitled to trial by jury as in other civil actions." TEX.PROB.CODE ANN. § 21 (Vernon 1980) (emphasis supplied).

When a written request for a jury trial is filed and the jury fee paid a reasonable time before the date set for trial of the cause on the non-jury docket, not less than thirty days in advance, a jury trial has been

properly demanded. TEX.R.CIV.P. 216(a), (b). A request for jury and payment of the fee in advance of the deadline creates a presumption that the jury demand was made within a "reasonable time." *Wittie v. Skees,* 786 S.W.2d 464, 466 (Tex.App.—Houston [14th Dist.] 1990, writ denied). This presumption may be rebutted, but in absence of rebuttal, the right is absolute. *Id.* When a jury has been properly demanded, a jury trial should be held on all fact issues which are the proper subject of a jury trial unless any of those issues are within the scope of an order granting a separate trial. TEX.R.CIV.P. 174; *Burnett v. Ft. Worth Light & Power Co.,* 117 S.W. 175, 176 (Tex.Civ.App.1909, no writ); *Sheffield v. Scott,* 620 S.W.2d 691, 694 (Tex.Civ. App.—Houston [14th Dist.] 1981, writ ref'd). By making her demand on December 6 and paying the fee on December 7, Marie made a timely jury demand. *See* TEX.R.CIV.P. 216(a), (b). In our view (and in the view of Cynthia's counsel who acknowledged on the record that the counterclaim had merged with the motion to remove), the motion to remove was nothing more than an amended pleading and the fact issues asserted in it should have been tried along with all other fact issues to the jury which Marie had demanded. By setting a trial on the motion for removal separate and apart from the rest of the case, the court effectively deprived Marie of her right to a jury trial. Because she had timely requested a jury trial and had timely paid the jury fee in cause no. 30,010, which included the fact issues raised in her declaratory judgment action, the counterclaim, the motion to remove, and all other live pleadings on file, the trial court had no discretion to refuse her a jury trial on those issues. *See* TEX.PROB.CODE ANN. § 21 (Vernon 1980); TEX.R.CIV.P. 216; *Burnett,* 117 S.W. at 176; *Wittie,* 786 S.W.2d at 466.

■ Cynthia argues that the question of Marie's removal is akin to one's "standing" to bring a will contest which is properly heard by the court without a jury. That reasoning is flawed. *See Sheffield,* 620 S.W.2d at 694. Her right to prosecute the declaratory judgment action is not dependent only upon her capacity as an executrix or trustee, but is also conferred on her as a devisee of the will and a beneficiary under the trust. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 37.005 (Vernon 1991).

Points one through five are sustained.

■ Crenshaw's point six, which asserts the invalidity of the temporary injunction or "freeze" imposed by the court on the $250,000 in estate assets withdrawn by Crenshaw, is also sustained. To be valid, an order granting a temporary injunction must set a bond to be given as security by the person seeking the injunction. *See* TEX. R.CIV.P. 684. The order must also set a date for trial on the merits. *See id.* at 683. The order which imposed the "freeze" in this case neither fixed a bond nor included an order setting the case for trial regarding the ultimate relief sought. The temporary injunction or "freeze" is therefore fatally defective and void *ab initio,* requiring reversal. *See Interfirst Bank San Felipe v. Paz Construction Company,* 715 S.W.2d 640, 641 (Tex.1986); *Goodwin v. Goodwin,* 456 S.W.2d 885, 885–86 (Tex. 1970).

Given our disposition of points one through six, we do not reach the remaining points. We reverse the order of the trial court, dissolve the temporary injunction ("freeze" order), and remand the cause to the trial court for a jury trial on all contested fact issues.