**Lee Ann GROSSNICKLE, Appellant,**

v.

**Richard Dean GROSSNICKLE, Appellee.**

**No. 06–92–00099–CV.**

Court of Appeals of Texas,
Texarkana.

Sept. 28, 1993.

Rehearing Denied Nov. 2, 1993.

Ann Crawford McClure, El Paso, for appellant.

Thomas L. Raggio, Raggio & Raggio, Inc., Dallas, Edward E. Ellis, Ellis & Clark, Paris, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Lee Ann Grossnickle appeals from the division of property in her divorce, claiming, among other things, that the trial court erred by refusing to grant her a jury trial. We agree.

Lee Ann Grossnickle and Richard Grossnickle married in 1981. Richard filed for divorce in November 1988. Although conservatorship and child support were issues at trial, the appeal concerns only property characterization, valuation, and division.

■ Generally, a party has a right to trial by jury. This right to a jury trial as guaranteed by our Constitution is one of our most precious rights. TEX. CONST. art. I, § 15; TEX. CONST. art. V, § 10; *Young v. Blain,* 245 S.W. 65 (Tex. Comm'n App.1922, holding approved). The denial of that right is a very serious matter; restrictions placed on the right to a jury trial will be subjected to the utmost scrutiny. *Bell Helicopter Textron, Inc. v. Abbott,* 863 S.W.2d 139 (Tex. App.—Texarkana 1993, n.w.h.). The Family Code provides that, in a suit for divorce, either party may demand a jury trial. TEX. FAM. CODE ANN. § 3.61 (Vernon 1993). Jury findings as to characterization and valuation of property are binding upon the trial court. *Lawson v. Lawson,* 828 S.W.2d 158 (Tex. App.—Texarkana 1992, writ denied). Thus, either party had a right to a trial by jury in this case.

■ A jury trial in a civil suit must be requested in writing, not less than thirty days before trial. TEX.R.CIV.P. 216(a). On September 5, 1991, the trial court set the case for trial on November 20, 1991. Lee Ann Grossnickle timely filed a written jury demand. A request made not less than thirty days before trial is presumed to have been made a reasonable time before the trial. *Halsell v. Dehoyos,* 810 S.W.2d 371, 371 (Tex. 1991). The adverse party may rebut that presumption by showing that the granting of a jury trial would operate to injure the adverse party, disrupt the court's docket, or impede the ordinary handling of the court's business. *Id.*

Here, as in *Halsell,* there is nothing in the record to show that the granting of a jury trial would have injured any party or caused undue disruption to the trial court. The trial court therefore erred in denying a jury trial to Lee Ann Grossnickle.

■ A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified. *Halsell v. Dehoyos,* 810 S.W.2d at 372. Here, several material fact issues exist concerning the extent and value of the estate of the parties. Therefore, the error requires remand.

We affirm the judgment insofar as it grants a divorce and determines conservatorship and child support; in all other respects, the judgment is reversed and the remaining issues are remanded for trial.