Richard Owen TAYLOR, Appellant,

v.

Valerie Annette TAYLOR and
The Attorney General of
Texas, Appellees.

No. 10–00–126–CV.

Court of Appeals of Texas,
Waco.

Nov. 7, 2001.

Rehearing Overruled Nov. 7, 2001.

Richard Owen Taylor, Tennessee Colony, pro se.

Christopher Chance, Heart of Texas Legal Services, Waco, Rhonda A. Pressley, Ass. Atty. Gen., John B. Worley, Asst. Atty. Gen., Austin, for appellee.

Before Chief Justice DAVIS, VANCE and GRAY, Justices.

## OPINION

REX D. DAVIS, Chief Judge.

Valerie Annette Taylor filed a petition for divorce against her former husband Richard Owen Taylor who is currently incarcerated in the Institutional Division of the Texas Department of Criminal Justice. The Attorney General intervened to enforce an assignment of Valerie's right to child support under chapter 231 of the Family Code. Because Richard was incarcerated, he did not appear for trial. Following a bench trial, the court granted the divorce. The decree names Valerie as sole managing conservator of the Taylors' three children; requires Richard to pay monthly child support following his release from prison; and grants the Attorney General a judgment for retroactive child support.

Richard raises sixteen points of error. He contends in point I A that the court

abused its discretion by denying his request for a jury trial. In point I B, he argues that the court abused its discretion by denying his request to be bench warranted to McLennan County for trial. Because these points present error requiring reversal, we will not address the remainder of Richard's points.

## BACKGROUND

The Taylors married in May 1994. Their son was born in October 1995. Their twin daughters were born in January 1997. Richard was arrested on a capital murder charge in August 1997. He subsequently pleaded guilty in exchange for a forty-year sentence.[1]

Valerie filed her divorce petition in September 1999. The Attorney General filed his plea in intervention one month later. Richard answered the petition on October 28, two days after the Attorney General intervened. On the same date, Richard filed a motion for jury trial and a motion for discovery. Richard accompanied his jury request with a "Declaration of Inability to Pay Cost" which reads as follows:

(The following is made pursuant to the Texas Rules of Civil Procedure and Title 6, Chapter 132 of the Civil Practices and Remedies Code.) Now respectfully comes, Richard Taylor, TDCJ # 816002, and declares that I am unable to pay the filing fee in this civil action and requests leave of the court to proceed in forma pauperis in this accompanying civil action and would show the court the following

(1.) I am presently incarcerated in the Sanchez S.J. Unit of the Texas Department of Criminal Justice where I am not permitted to earn or handle money.

(2.) I have no source of income or spousal income.

(3.) I currently have $0.00 credited to me in the inmate trust fund.

(4.) During my incarceration in the Texas Department of Criminal Justice, I have received approximately $10.00 per month as gifts from relatives and friends.

(5.) I neither own nor have an interest in any realty, stocks, bonds or bank accounts and receive no interest or dividend income from any source.

(6.) I have 0 dependents.

(7.) I have total debts of approximately $6,500.00.

(8.) I owe $0.00 as restitution.

(9.) My monthly expenses are approximately $10.00.

The court signed an order denying Richard's jury trial motion on November 12.

The court set the matter for bench trial on January 7, 2000. Richard filed a pleading on December 14, 1999 asking the court to reschedule the trial and issue a bench warrant so he could appear for trial. This pleading reads as follows:

### REQUEST FOR RESET OF FINAL HEARING

NOW respectfully comes, Richard Owen Taylor, defendant in the above styled and numbered cause, and respectfully request that this Honorable court reset the final hearing date that is scheduled for the 7th day of January, 2000, at 9:00 a.m., to afford Defendant adiquate [sic] time to prepare his defense. Defendant further requests that this Honorable Court Order the Issuance of a Bench Warrant to ensure Defendant's presence at such hearing, that

---

1. Valerie's counsel informed the court in response to a question about the capital murder charge that Richard was a party to an armed robbery in which his brother fatally shot the store clerk.

he may present his Defense in open court. Defendant is currently confined at the Sanchez State Jail Unit of the T.D.C.J.-I.D. and will be unable to appear at such hearing of his own violition. [sic]

The case proceeded to trial on January 7. Richard did not appear. The court signed the decree on February 18. The decree recites that Richard "failed to appear and wholly made default" and that "[a] jury was waived."

## STANDARD OF REVIEW

Richard did not appear for trial. He filed his notice of appeal more than thirty days after the court signed the judgment. Accordingly, we have treated this as a restricted appeal.[2] *See* TEX.R.APP. P. 30; *Cotton v. Cotton*, 57 S.W.3d 506, 509 (Tex. App.—Waco 2001, no pet. h.).

■ The restricted appeal replaced the former writ of error practice when the Supreme Court adopted the current appellate rules in 1997.[3] *See* TEX.R.APP. P. 30 cmt.; *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 n. 1 (Tex.1997) (per curiam); *Hollister v. Palmer Indep. Sch. Dist.*, 958 S.W.2d 956, 958 n. 1 (Tex.App.—Waco 1998, no pet.). In a restricted appeal, "the error complained of must be apparent from the face of the record." *Osteen v. Osteen*, 38 S.W.3d 809, 812 (Tex.App.—Houston [14th Dist.] 2001, no pet.); *accord Norman Communications*, 955 S.W.2d at 270 (writ of error); *Bird v. First Deposit Nat'l Bank*, 994 S.W.2d 280, 281 (Tex.App.—El Paso 1999, pet. denied) (restricted appeal); *Laidlaw Waste Sys., Inc. v. Wallace*, 944 S.W.2d 72, 73 (Tex.App.—Waco 1997, writ denied) (writ of error).

A restricted appeal provides a peculiar scope of review. Regarding this scope of review, the Supreme Court has said:

Review by [restricted appeal] affords an appellant the same scope of review as an ordinary appeal, that is, a review of the entire case. *See Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex.1965). The only restriction on the scope of ... review is that the error must appear on the face of the record. *See General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 943 (Tex.1991).

*Norman Communications*, 955 S.W.2d at 270; *accord Mabon Ltd. v. Afri–Carib Enters., Inc.*, 29 S.W.3d 291, 299 (Tex.App.—Houston [14th Dist.] 2000, no pet.); *In re E.K.N.*, 24 S.W.3d 586, 590 (Tex.App.—Fort Worth 2000, no pet.). We review Richard's points bearing these principles in mind.

## RIGHT TO APPEAR

Richard argues in point I–B that the court abused its discretion and violated his right to due process of law by refusing his request to be bench warranted to McLennan County for his trial. Valerie questions whether Richard made a sufficient request

---

**2.** We notified the parties by letter dated April 27, 2000, that Richard's appeal would be treated in this manner. None of the parties has challenged this characterization.

**3.** A restricted appeal must: (1) be brought within 6 months after the judgment is signed; (2) by a party to the suit; (3) who did not participate at trial; and (4) the error complained of must be apparent from the face of the record. *See Osteen v. Osteen*, 38 S.W.3d 809, 811–12 (Tex.App.—Houston [14th Dist.] 2001, no pet.); *Bird v. First Deposit Nat'l Bank*, 994 S.W.2d 280, 281 (Tex.App.—El Paso 1999, pet. denied); *see also Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997) (writ of error); *Laidlaw Waste Sys., Inc. v. Wallace*, 944 S.W.2d 72, 73 (Tex.App.—Waco 1997, writ denied) (writ of error). Appellees do not dispute that Richard satisfies the first three of these requirements.

for a bench warrant because his request is "[i]n the middle of the request for a reset." The Attorney General contends that he did not provide sufficient justification for his request to personally appear.

In a prior, related proceeding, we discussed at length the law pertinent to a prisoner's constitutional right of access to the courts. *See In re Taylor*, 28 S.W.3d 240, 249 (Tex.App.—Waco 2000, orig. proceeding); *see also In re Taylor*, 39 S.W.3d 406, 412 (Tex.App.—Waco 2001, orig. proceeding).[4] We observed:

"A prisoner in Texas has a constitutional right of access to the courts, but only a qualified right to appear personally at a civil proceeding." Texas courts have followed the lead of the federal courts in identifying pertinent factors to be considered in deciding whether an inmate should be permitted to personally appear.

These factors include:

(1) the cost and inconvenience of transporting the inmate to court; (2) the security risk and danger to the court and the public by allowing the inmate to attend court; (3) whether the inmate's claims are substantial; (4) whether a determination of the matter can reasonably be delayed until the inmate is released; (5) whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise; (6) whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses; (7) whether the trial is to the court or to a jury; and (8) the inmate's probability of success on the merits.

*Taylor*, 28 S.W.3d at 249 (citations omitted); *accord Dodd v. Dodd*, 17 S.W.3d 714, 717–18 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *Byrd v. Attorney General*, 877 S.W.2d 566, 569 (Tex.App.—Beaumont 1994, no writ).

■ In addition to the eight factors we listed in *Taylor*, courts have attached some importance to whether the prisoner initiated the lawsuit. *See Dodd*, 17 S.W.3d at 717–18; *Armstrong v. Randle*, 881 S.W.2d 53, 57–58 (Tex.App.—Texarkana 1994, writ denied); *Pruske v. Dempsey*, 821 S.W.2d 687, 689 (Tex.App.—San Antonio 1991, no writ). It appears that a prisoner's status as a defendant weighs in his favor on the issue of his right to personally appear at trial. *Id.* However, an inmate's status as a defendant standing alone will not generally suffice to establish his right to appear. *Id.* Conversely, the fact that the inmate is the plaintiff will not necessarily preclude his right to personally appear. *See Armstrong*, 881 S.W.2d at 58; *Nichols v. Martin*, 776 S.W.2d 621, 623 (Tex.App.—Tyler 1989, no writ).

We further observed in *Taylor*:

Should the trial court determine after considering these factors that the prisoner is not entitled to appear personally, then the court should permit him "to proceed by affidavit, deposition, telephone, or other effective means."

---

4. In the original proceeding reported at 28 S.W.3d 240, Richard sought a writ of mandamus compelling the trial court to act on his contempt motion, in which he alleged that Valerie had failed to comply with the divorce decree which is the subject of this appeal, and on his application for writ of habeas corpus *ad testificandum* by which he sought to appear and present evidence on the contempt motion. *See In re Taylor*, 28 S.W.3d 240, 243–44 (Tex.App.—Waco 2000, orig. proceeding). We conditionally granted the relief requested. *Id.* at 250. We again conditionally granted mandamus relief after the trial court denied Taylor's writ application apparently without considering the factors noted in the prior mandamus proceeding. *See In re Taylor*, 39 S.W.3d 406, 412–14 (Tex.App.—Waco 2001, orig. proceeding).

A trial court's refusal to consider and rule upon a prisoner's request to appear in a civil proceeding personally or by other means constitutes an abuse of discretion.

*Taylor,* 28 S.W.3d at 249 (citations omitted); *accord Dodd,* 17 S.W.3d at 717–18; *Byrd,* 877 S.W.2d at 569.

In his reset request, Richard plainly requested that the court issue a bench warrant so he could present his defense. The docket sheet in the clerk's record recites that the "judge would not sign [the proposed] order" Richard attached to his reset/bench warrant request.

Because the court refused to grant Richard's request for a bench warrant so he could personally appear, the court "should [have] permit[ted] him 'to proceed by affidavit, deposition, telephone, or other effective means.'" *Taylor,* 28 S.W.3d at 249 (quoting *Byrd,* 877 S.W.2d at 569). The court abused its discretion by not allowing Richard to participate at trial or present evidence in any manner. *Id.; Dodd,* 17 S.W.3d at 718; *Byrd,* 877 S.W.2d at 569. We now decide whether this error requires reversal.

Several courts of appeals have reversed such cases without addressing the issue of harm. *See, e.g., Dodd,* 17 S.W.3d at 718; *Byrd,* 877 S.W.2d at 569; *Pruske,* 821 S.W.2d at 689. Nevertheless, Rule of Appellate Procedure 44.1 mandates that a judgment not be reversed upon a finding of error unless the error: (1) probably caused rendition of an improper judgment; or (2) probably prevented the appellant from presenting his case on appeal. *See* Tex.R.App. P. 44.1(a); *Monsanto Co. v. Davis,* 25 S.W.3d 773, 786 (Tex.App.—Waco 2000, writ dism'd w.o.j.).

We held in *Monsanto* that a trial court's improper refusal to permit the defendants in a class-certification case to present evidence "plainly prevented Defendants from presenting their case to us." *Monsanto Co.,* 25 S.W.3d at 786. We likewise hold that the court's error in refusing to rule on Richard's request for a bench warrant or provide him an alternative means to participate at trial "plainly prevented [Richard] from presenting [his] case to us." *Id.* Accordingly, we sustain point I–B.

Even though the error discussed with reference to point I–B requires reversal, we will also address point I–A because it presents an issue likely to arise on the retrial of this cause. *See Edinburg Hosp. Auth. v. Trevino,* 941 S.W.2d 76, 81 (Tex. 1997); *Indemnity Ins. Co. of N. Am. v. Williams,* 129 Tex. 51, 53, 99 S.W.2d 905, 906 (1937); *Boone v. LeGalley,* 29 S.W.3d 614, 616 (Tex.App.—Waco 2000, no pet.).

## RIGHT TO JURY TRIAL

Richard claims in point I–A that the court abused its discretion by disregarding his jury demand. Appellees respond that no abuse of discretion is shown because Richard did not pay the jury fee or file a proper affidavit indicating his inability to pay the fee.

### PERTINENT AUTHORITIES

"The right to jury trial is one of our most precious rights, holding 'a sacred place in English and American history.'" *General Motors Corp. v. Gayle,* 951 S.W.2d 469, 476 (Tex.1997) (orig.proceeding) (quoting *White v. White,* 108 Tex. 570, 581, 196 S.W. 508, 512 (1917)). The Texas Constitution contains two distinct provisions for the right of trial by jury. *See* Tex. Const. art. I, § 15, art. V, § 10; *Texas Workers' Compensation Comm'n v. Garcia,* 893 S.W.2d 504, 526 (Tex.1995). Historically, appellate decisions in divorce cases have classified the right to trial by jury as a constitutional one without differ-

entiating between these two provisions. *See, e.g., Grossnickle v. Grossnickle,* 865 S.W.2d 211, 212 (Tex.App.—Texarkana 1993, no writ); *Goetz v. Goetz,* 534 S.W.2d 716, 718 (Tex.Civ.App.—Dallas 1976, no writ); *Jerrell v. Jerrell,* 409 S.W.2d 885, 885–86 (Tex.Civ.App.—San Antonio 1966, no writ). We do so now.

■ Article I, section 15 is a part of our Bill of Rights. *See* Tex. Const. art. I, § 15; *Garcia,* 893 S.W.2d at 526. It provides in pertinent part:

The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency.

Tex. Const. art. I, § 15. Article I, section 15 guarantees the right of trial by jury for those causes of action or analogous causes of action for which a jury trial was available when the 1876 Constitution was adopted. *See Garcia,* 893 S.W.2d at 526. A brief review of prior decisions reflects that a jury trial could be had for divorce cases before the 1876 Constitution was adopted. *See, e.g., Moore v. Moore,* 22 Tex. 237, 240 (1858); *Wright v. Wright,* 3 Tex. 168, 184 (1848). Accordingly, a party to a divorce proceeding has a constitutional right to a jury trial under article I, section 15. *See Garcia,* 893 S.W.2d at 526; *State v. Credit Bureau of Laredo, Inc.,* 530 S.W.2d 288, 291–92 (Tex.1975).

■ Article V of the Texas Constitution governs the judiciary. *See* Tex. Const. art. V; *Garcia,* 893 S.W.2d at 526–27. Section 10 provides:

In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court,

have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature.

Tex. Const. art. V, § 10. Our Supreme Court has defined the term "cause" to include "any legal process which a party institutes to obtain his demand or by which he seeks his right." *Credit Bureau of Laredo,* 530 S.W.2d at 292; *see also Trapnell v. Sysco Food Servs., Inc.,* 850 S.W.2d 529, 544 (Tex.App.—Corpus Christi 1992) ("a constitutional 'cause' include[s] 'a suit or action. Any question civil or criminal contested before a court of justice.' ") (quoting *Tolle v. Tolle,* 101 Tex. 33, 33–34, 104 S.W. 1049, 1050 (1907)), *aff'd,* 890 S.W.2d 796 (Tex.1994).[5] Because a divorce proceeding involves disputes over property rights and frequently the custody and support of children, we hold that it is a "cause" for which a party has a constitutional right to a jury trial under article V, section 10. *See Credit Bureau of Laredo,* 530 S.W.2d at 292–93; *Trapnell,* 850 S.W.2d at 544.

Although article I, section 15 provides that the right to jury trial must remain "inviolate," this provision also empowers the Legislature to enact such laws as necessary "to regulate the same, and to maintain its purity and efficiency." Tex. Const. art. I, § 15. The Legislature has done so in part by enacting statutes addressing the right to jury trial in particular cases and in part by delegating to the Supreme Court the authority to promulgate rules of procedure.

---

5. The Court recognized that "special circumstances" sometimes dictate that a particular adversary proceeding will not qualify as a "cause" under article V, § 10. *See State v.* *Credit Bureau of Laredo, Inc.,* 530 S.W.2d 288, 293 (Tex.1975). A divorce case does not present such circumstances however. *Cf. id.*

The Legislature has enacted two jury-trial statutes pertinent to this appeal. Section 6.703 of the Family Code provides that "either party [in a divorce] may demand a jury trial." TEX. FAM.CODE. ANN. § 6.703 (Vernon 1998). Section 105.002 of that code provides for a jury trial in a suit affecting the parent-child relationship with limited exceptions not pertinent to this appeal.[6]  *Id.* § 105.002 (Vernon Supp. 2001).

In 1939, the Legislature invested the Supreme Court with "full rule-making power in the practice and procedure in civil actions." *See* Act of May 12, 1939, 46th Leg., R.S., ch. 25, § 2, 1939 Tex. Gen. Laws 201, 201, *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 26(1), 1985 Tex. Gen. Laws 1720, 2048 (current version at TEX. GOV.CODE. ANN. § 22.004(a) (Vernon Supp.2001)); *see also* TEX. CONST. art. V, § 31(b). Pursuant to this authority, the Supreme Court promulgated Rules of Civil Procedure 216 through 236 concerning the right to a jury trial. *See* TEX.R. CIV. P. 216–236, 136 Tex. 508–513 (1941). As the Court has stated, "the inviolate right to a jury trial is regulated by those Rules which specify its availability." *Green v. W.E. Grace Mfg. Co.*, 422 S.W.2d 723, 725 (Tex.1968); *see also In re V.R.W.*, 41 S.W.3d 183, 194 (Tex.App.—Houston [14th Dist.] 2001, no pet.) (right to jury trial "is not automatic, but, rather, arises only where a party [complies with the rules]"); *Rent Am., Inc. v. Amarillo Nat'l Bank*, 785 S.W.2d 190, 193 (Tex.App.—Amarillo 1990, writ denied) (same). Rules 216, 217 and 220 are pertinent to this appeal.

Rule 216(a) requires that a party file "a written request for a jury trial . . . a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." TEX.R. CIV. P. 216(a). Such party must also deposit a jury fee within that time period. *Id.* 216(b). In lieu of this fee, Rule 217 permits a party to "file with the clerk his affidavit to the effect that he is unable to make such deposit, and that he can not, by the pledge of property or otherwise, obtain the money necessary for that purpose." *Id.* 217.

■ Under Rule 216, a jury demand (with the accompanying fee or affidavit of inability to pay) filed at least thirty days before trial is presumed to have been made a reasonable time before trial. *See Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex.1991) (per curiam); *V.R.W.*, 41 S.W.3d at 194; *Grossnickle*, 865 S.W.2d at 212; *Crenshaw v. Chapman*, 814 S.W.2d 400, 402 (Tex.App.—Waco 1991, no writ). The adverse party may rebut this presumption "by showing that the granting of a jury trial would operate to injure the adverse party, disrupt the court's docket, or impede the ordinary handling of the court's business." *V.R.W.*, 41 S.W.3d at 194; *Grossnickle*, 865 S.W.2d at 212; *accord Halsell*, 810 S.W.2d at 371. "Such evidence must appear in the record." *V.R.W.*, 41 S.W.3d at 194 (quoting *Southern Farm Bureau Cas. Ins. Co. v. Penland*, 923 S.W.2d 758, 760 (Tex.App.—Corpus Christi 1996, no writ)); *see also Halsell*, 810 S.W.2d at 371 ("The record contains no indication that the granting of

---

**6.**  A party may not demand a jury in a suit for adoption or in a suit to determine parentage. *See* TEX. FAM.CODE. ANN. § 105.002(b) (Vernon Supp.2001). A party is not entitled to a jury verdict on: (1) child support; (2) specific terms and conditions for possession or access to a child; and (3) rights and duties of a possessory or managing conservator other than the issue of a child's primary residence. *Id.* § 105.002(c)(2) (Vernon Supp.2001). However, a court may obtain an advisory verdict from a jury on these issues. *Id.* § 105.002(c)(3), (d) (Vernon Supp.2001).

the jury trial would have injured the Dehoyoses or caused undue disruption to the trial court."). In the absence of such rebuttal however, the right is absolute. *See Citizens State Bank v. Caney Invs.,* 746 S.W.2d 477, 478–79 (Tex.1988) (per curiam); *Cardenas v. Montfort, Inc.,* 894 S.W.2d 406, 408 (Tex.App.—San Antonio 1994), *writ denied per curiam,* 924 S.W.2d 156 (Tex.1996); *Crenshaw,* 814 S.W.2d at 402.

■■■■ We review a court's denial of the right to jury trial under the abuse-of-discretion standard. *See Mercedes-Benz Credit Corp. v. Rhyne,* 925 S.W.2d 664, 666 (Tex.1996); *V.R.W.,* 41 S.W.3d at 194; *In re W.B.W.,* 2 S.W.3d 421, 422 (Tex.App.—San Antonio 1999, no pet.). In so doing, we review the entire record to determine whether the denial "is arbitrary, unreasonable, and without reference to guiding principles." *Mercedes-Benz Credit Corp.,* 925 S.W.2d at 666 (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985)). A court abuses its discretion if it denies a jury trial upon timely and proper request if the opposing party fails to show "that the granting of a jury trial would operate to injure the adverse party, disrupt the court's docket, or impede the ordinary handling of the court's business." *See Crenshaw,* 814 S.W.2d at 402; *see also Citizens State Bank,* 746 S.W.2d at 478–79; *Cardenas,* 894 S.W.2d at 408.

■■■■ A trial court's error in denying a properly-requested jury trial requires reversal unless "the record shows that no material issues of fact exist and an instructed verdict would have been justified." *Halsell,* 810 S.W.2d at 372; *accord V.R.W.,* 41 S.W.3d at 194; *Bell Helicopter Textron, Inc. v. Abbott,* 863 S.W.2d 139, 141 (Tex.App.—Texarkana 1993, writ denied).

Rule 220 provides in part that a party's failure to appear for trial "shall be deemed a waiver by him of the right to trial by jury." TEX.R. CIV. P. 220. The Supreme Court adopted this provision in 1970. *See* TEX.R. CIV. P. 220, 455–456 S.W.2d (Tex. Cases) lii (Tex.1970). Apparently the Court did so in response to a line of decisions reversing judgments rendered in cases in which the trial court held a bench trial after the party requesting a jury failed to appear for trial. *See, e.g., Jerrell,* 409 S.W.2d at 886; *see also Green,* 422 S.W.2d at 725.

### APPLICATION

Valerie and the Attorney General do not dispute that Richard made a timely "written request." Rather, they contend that his "Declaration[7] of Inability to Pay Cost" does not satisfy the requirement of Rule 217 that the party requesting a jury trial file an affidavit stating that he is unable to pay the jury fee.

The Attorney General contends that Richard's statement in the declaration that he cannot pay the "filing fee" does not constitute a declaration that he is unable to pay the jury fee.[8] Because Richard attached the declaration to his jury demand, we reject this semantical argument.

---

7. Section 132.001 of the Civil Practice and Remedies Code permits an inmate to use an "unsworn declaration" in lieu of an affidavit. *See* TEX. CIV PRAC. & REM.CODE ANN. § 132.001 (Vernon 1997).

8. Presumably because Richard used the term "filing fee" in his declaration, Valerie characterizes the declaration as an affidavit of inability under Rule 145. *See* TEX R. CIV. P. 145. Because Richard attached the declaration to his jury demand and because the Rule 145 affidavit is generally filed by an indigent plaintiff/petitioner who must obtain service of citation on the defendant/respondent, we reject this characterization.

The Attorney General also contends that Richard's declaration is insufficient because he does not declare that he cannot obtain the jury fee "by the pledge of property or otherwise." *See* Tex.R. Civ. P. 217. The Attorney General summarizes this portion of its argument as follows, "Taylor's declaration does not show why he could not come up with a mere $10 for a jury fee by the 30th day before the hearing."

■ We note that neither of the Appellees challenged Taylor's assertion that he is indigent. Rule of Civil Procedure 1 provides:

> The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction.

Tex.R. Civ. P. 1. Following this directive, we conclude that Richard's declaration substantially complies with the requirements of Rule 217. *See Taylor,* 28 S.W.3d at 246 (we review *pro se* pleadings "with patience and liberality").

Because Richard filed his jury demand and his declaration more than thirty days before trial, a presumption exists that his demand was made a reasonable time before trial. *See Halsell,* 810 S.W.2d at 371; *V.R.W.,* 41 S.W.3d at 194; *Grossnickle,* 865 S.W.2d at 212; *Crenshaw,* 814 S.W.2d at 402. Appellees proffered no evidence to rebut this presumption. *Id.* However, Rule 220 provides that, when a party such as Richard fails to appear for trial, he is deemed to have waived his right to a jury trial. *See* Tex.R. Civ. P. 220.

Appellees do not dispute that Richard was incarcerated at the time of trial and could not voluntarily appear. Richard filed a pleading one month before trial asking the judge to issue a bench warrant so he could participate at trial. In view of the "sacred" nature of the right to jury trial, we hold that a deemed waiver under Rule 220 occurs only when a party's failure to appear is voluntary. Because Richard did not voluntarily fail to appear for trial, we conclude that he cannot be deemed to have waived his right to jury trial. Accordingly, the court abused its discretion by denying his request for a jury trial. *See Mercedes-Benz Credit Corp.,* 925 S.W.2d at 666; *V.R.W.,* 41 S.W.3d at 194; *W.B.W.,* 2 S.W.3d at 422.

■ The denial of a properly-requested jury trial requires reversal unless the record reveals no material issues of fact. *See Halsell,* 810 S.W.2d at 372; *V.R.W.,* 41 S.W.3d at 194; *Bell Helicopter Textron,* 863 S.W.2d at 141. Because the court did not permit Richard to participate at trial, he could not present evidence to raise any material fact issues. Accordingly, we cannot say whether this error requires reversal. Because we cannot determine whether Richard was harmed by the court's denial of his jury demand, we overrule point I A.

## CONCLUSION

We have determined that the court's refusal to rule on Richard's request for a bench warrant or provide him an alternative means to participate at trial "plainly prevented [Richard] from presenting [his] case to us." *See Monsanto Co.,* 25 S.W.3d at 786; Tex.R.App. P. 44.1(a)(2). Accordingly, we reverse the judgment and remand this cause for further proceedings consistent with this opinion.