NO. 07-04-0389-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 20, 2005


______________________________



DENNIS WYNN FISHER and wife, JEAN M. FISHER, 



 Appellants

v.



DEFORD PROPERTIES, a partnership, DEFORD LUMBER CO., 


a limited partnership, and HOMER H. DEFORD, individually, 



 Appellees

_________________________________



FROM THE 173rd DISTRICT COURT OF HENDERSON COUNTY;



NO. 91A-495; HON. JACK H. HOLLAND, PRESIDING


_______________________________



On Abatement and Remand


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Dennis Fisher, Jean M. Fisher (the Fishers), and the Veterans Land Board of Texas
appeal from a judgment entered in favor of DeFord Properties and Homer H. DeFord (the
DeFords). We abate the proceeding and remand it to the trial court for further action. 

 Initially, we note that even if the question is not raised by the parties, this court is
obligated sua sponte to determine its jurisdiction to hear an appeal. Welch v. McDougal,
876 S.W.2d 218, 220 (Tex. App.--Amarillo 1994, writ denied). And, save for a few limited
situations not here applicable, it is clear that we have jurisdiction over an appeal only when
a final and appealable order or judgment has been issued by the trial court. Next, to be
final and appealable, a judgment must dispose of all issues and parties in the case. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). 

 The record before us reveals that the Fishers and the Veterans Land Board of Texas
filed suit against the DeFords. Subsequently, the DeFords filed a "cross-action" against the
Fishers and the Veterans Land Board seeking a permanent injunction, a determination of
the rights of the parties with respect to the easement, and damages. Additionally, DeFord
Lumber Company was joined as a party defendant to the original action. 

 By order dated September 18, 2003, and after taking notice of the "Cross-Plaintiffs'
Notice of Non-Suit" (a document missing from the record before us), the trial court
dismissed with prejudice the counterclaim of the DeFords against the Veterans Land Board. 
Then, on April 12, 2004, it entered judgment in favor of "the Defendants" and ordered that
the plaintiffs take nothing against them. However, the only defendants mentioned in the
caption or in the body of the judgment were DeFord Properties and Homer H. DeFord. 
Nothing was said of DeFord Lumber Company. Nor was mention made of the DeFords'
"cross-action" (actually the counterclaim) against the Fishers. Finally, the trial court also
omitted any type of language akin to a Mother Hubbard clause denying all other relief or
claims sought by any party. 

 Simply put, the record fails to illustrate that the trial court disposed of all claims
asserted by or against all parties. Under these circumstances, we may "abate the appeal
to permit clarification by the trial court." Lehmann v. Har-Con Corp., 39 S.W.3d at 206; see
Tex. R. App. P. 27.2 (stating that the appellate court may allow an appealed order that is
not final to be modified so as to be made final and may allow the modified order and all
proceedings relating to it to be included in a supplemental record). 

 Accordingly, we abate the appeal and remand the cause to the trial court. Upon
remand, the trial court is ordered to disclose whether it intended the judgment to completely
dispose of all claims and all parties. If it concludes that it intended for the judgment to
dispose of all of them, it is then directed to modify the order to clearly and unequivocally
evince that intent. If it concludes that it did not so intend, such must also be disclosed to
us in writing. Finally, the trial court is directed to include each modified judgment or order
it may execute and its writing, if any, clarifying its intent regarding the finality of the
judgment in a supplemental record to be filed with the clerk of this court on or before
February 18, 2005. 


 Per Curiam



|| floatwnd.closed )
 floatwnd = window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}







NO. 07-07-0349-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 17, 2008

______________________________


IN THE INTEREST OF T.L.B., A CHILD

_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 72,293; HONORABLE PAMELA SIRMON, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


          Appellant Levohn H. Brown, an inmate in the Indiana Department of Correction
appearing pro se, appeals the judgment of the trial court terminating his parental rights to
his son T.L.B. Finding the trial court abused its discretion by denying Brown an opportunity
to participate in the termination hearing and the error harmful, we will reverse and remand.
Background
          T.L.B. and M.L.B. were the children born to the marriage of Brown and appellee
Shanda L. Vance. On their divorce in 1998, the court appointed Brown and Vance joint
managing conservators of the two children. A 1999 modification order gave Brown the
right to determine the primary residence of the children. Both children were living with
Brown in Indiana in February 2000 when M.L.B. died as a result of injuries caused by
Brown. He was convicted of her murder and incarcerated by the Indiana Department
Correction at its Pendleton, Indiana facility. T.L.B. has lived with Vance since July 2000.
           This is Brown’s second appeal of an order of the trial court terminating his parental
relationship with T.L.B. By petition filed in 2006, Vance sought termination of the parent-child relationship between Brown and T.L.B. on the ground that Brown had “been convicted
for being criminally responsible for the death of a child, his daughter, under section 19.03
of the Texas Penal Code.”


 Following a hearing in August 2006, the trial court signed a
judgment terminating Brown’s parental rights to T.L.B. The order recited Brown “did not
appear and wholly made default.” 
          On Brown’s appeal, we reversed the 2006 termination order, finding that he was
denied notice of the hearing and an opportunity to be heard. In re T.L.B., No. 07-06-0371,
2007 WL 763802, 2007 Tex.App. Lexis 1991 (Tex.App.–Amarillo, March 14, 2007, no pet.)
(mem. op.). Our opinion remanded the cause “for further proceedings affording Brown a
reasonable opportunity to be heard on the merits of the termination proceeding.” 2007 WL
763802, at *3. 
          Retrial was set for June 13, 2007. The clerk’s record before us on this second
appeal does not contain notice to Brown of the date for retrial but, in a document entitled
“Motion for Hearing by Video Teleconference” filed by Brown on May 14, 2007, he
acknowledged awareness of the date. By his motion, Brown also stated his desire to
participate in the hearing.


 
          Brown did not personally appear at the hearing nor did he appear by attorney.


 
Vance was the only witness. Questioned by her attorney and the attorney ad litem for
T.L.B., Vance agreed that it was in the best interests of T.L.B. to terminate Brown’s
parental rights and change T.L.B.’s surname to Vance; T.L.B. was present “when his
younger sister was abused and subsequently murdered”; T.L.B. desired to sever all ties
with Brown; Brown was serving a life sentence without parole in an Indiana prison; and
Brown murdered M.L.B. At the conclusion of Vance’s testimony, the court admitted as
petitioner’s exhibit one, a certified copy of a “Chronological Case Summary” from the
Huntington County, Indiana circuit court in a case entitled, State v. Levohn Harrison Brown. 
The document, which appears in the form of a printed docket sheet, chronicles judicial
events in the Indiana murder prosecution of Brown up to his adjudication of guilt following
the jury’s verdict on March 15, 2001.
          On receipt of petitioner’s exhibit one, the court rendered judgment terminating the
parental rights of Brown to T.L.B. The court’s judgment of termination, signed on June 13,
recites that Brown “made a general appearance and was duly notified of trial but failed to
appear and defaulted.” Brown timely filed notice of appeal. 
Issues
          Brown raises five issues on appeal: (1) he did not receive a copy of this court’s
“order” reversing and remanding the case following the first trial in 2006; (2) the trial court
made no reply to his motion for hearing by video teleconference and to represent himself
at trial; (3) the trial court was prejudiced by a letter in the clerk’s record from Vance’s
fiancé; (4) the trial court clerk did not respond to a letter from Brown inquiring of the status
of his motion for hearing by video teleconference; and (5) Brown was denied due process
and due course of law.

Discussion
          We begin with Brown’s second and fifth issues, and will discuss them jointly.
Liberally construing his brief,


 we interpret Brown’s complaint to be that the trial court
erroneously denied his motion for hearing by video teleconference and to participate at the
hearing, and in so doing denied him due process of law under the United States
Constitution


 and due course of law under the Texas Constitution.


 
          We review a trial court’s determination to deny a prisoner’s request to appear at a
termination hearing for abuse of discretion. In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003)
(addressing a bench warrant request). A trial court abuses its discretion if it acts in an
arbitrary or unreasonable manner without reference to any guiding rules or principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). Discretion
is not abused, however, simply because a trial court decided an issue within its discretion
differently than would the reviewing appellate court. Id. at 242. 
          By his May 14 motion, Brown requested the hearing of Vance’s petition for
termination be conducted by video teleconference and that he be permitted to participate
in the hearing. The motion contained a proper certificate of service indicating service by
mail on counsel for Vance. In his brief in this court, Brown contends by denying his
requested appearance by video teleconference he was denied the right to cross-examine
Vance and any witnesses she called. 
          Prior to taking evidence at the June 13 hearing, the court noted Brown’s absence
and inquired about his notice of the hearing. It then instructed its bailiff to call Brown’s
name three times in the hall. The court then noted Brown’s motion and without argument
or discussion ruled: “There is a motion for hearing by video teleconference that was filed
by Levohn Brown May 14th of ‘07. An order was not included with the motion but the
motion is denied.” 
          In analyzing a claim of deprivation of procedural due process, we apply a two-part
test: (1) whether the complaining party has a liberty or property interest entitled to
protection; and (2) if so, what process is due. Logan v. Zimmerman Brush Co., 455 U.S.
422, 428, 102 S.Ct. 1148, 1153-54, 71 L.Ed.2d 265 (1982); Univ. of Tex. Med. Sch. v.
Than, 901 S.W.2d 926, 929 (Tex. 1995). “[D]ue process requires, at a minimum, that
absent a countervailing state interest of overriding significance, persons forced to settle
their claims of right and duty through the judicial process must be given a meaningful
opportunity to be heard.” Boddie v. Connecticut, 401 U.S. 371, 377-78, 91 S.Ct. 780, 785,
28 L.Ed.2d 113 (1971).


 Status as a prison inmate does not strip a person of his
constitutional right of reasonable access to the courts. See Hudson v. Palmer, 468 U.S.
517, 523, 104 S.Ct. 3194, 3198, 82 L.Ed.2d 393 (1984) (prison inmates may petition
government for redress of grievances which includes reasonable access to courts). A
parent’s “right to the companionship, care, custody, and management of his or her children
is an interest far more precious than any property right.” Santosky v. Kramer, 455 U.S.
745, 758-59, 102 S.Ct. 1388, 1397, 71 L.Ed.2d 599 (1982) (internal quotation marks and
citation omitted). Here, Brown possessed an interest entitled to protection. 
          To assess what process was Brown due, we weigh three factors: (1) the private
interest affected by the proceeding or official action; (2) the countervailing governmental
interest supporting use of the challenged proceeding; and (3) the risk of an erroneous
deprivation of that interest due to the procedures used. In re B.L.D., 113 S.W.3d 340, 352
(Tex. 2003) (citing Mathews v. Eldridge, 424 U.S. 319, 334-35, 96 S.Ct. 893, 903, 47
L.Ed.2d 18 (1976)); see In re J.O.A., 262 S.W.3d 7, 20-21 (Tex.App.–Amarillo 2008, pet.
granted). 
          The first factor carries great weight in this case. A termination decree is “complete,
final, irrevocable [and] divests for all time the parent and child of all legal rights, privileges,
duties, and powers with respect to each other except for the child’s right to inherit.” Wiley
v. Spratlan, 543 S.W.2d 349, 352 (Tex. 1976); Tex. Fam. Code Ann. § 161.206(b) (Vernon
Supp. 2008) (child retains right to inherit from and through the terminated parent unless
court orders otherwise). “A parent’s interest in the accuracy and justice of the decision to
terminate his or her parental status is, therefore, a commanding one.” Santosky, 455 U.S.
at 758-59, 102 S.Ct. at 1397 (termination sought by state); cf. Holick v. Smith, 685 S.W.2d
18, 20 (Tex. 1985) (citing Santosky in private termination action for requirement of proof
by clear and convincing evidence). Moreover, the private interest encompasses the child
as well. See In re M.S., 115 S.W.3d 534, 547 (Tex. 2003). For example, essential to
termination under section 161.001 is proof by clear and convincing evidence that the
decision is in the best interest of the child. Tex. Fam. Code Ann. § 161.001(1) & (2)
(Vernon Supp. 2008). Brown sought participation in the hearing but under the
circumstances leave rested exclusively with the trial court. 
          In a proceeding for termination of the parent-child relationship, the State has a
compelling parens patriae interest in preserving and promoting the welfare of the child. 
Rodarte v. Cox, 828 S.W.2d 65, 79 (Tex.App.–Tyler 1991, writ denied) (citing Santosky,
455 U.S. at 766). The interest of the State also extends to assuring the lives of children
are not held in limbo as the judicial termination processes advances. B.L.D., 113 S.W.3d
at 353. Accordingly, the State seeks efficient and economical resolution of parental rights
in termination cases. The State’s concern for disposition of the case on June 13 is
apparent. The matter had been once appealed and at the noticed time for hearing all but
Brown were present and ready for trial. Halting the proceedings in favor of permitting some
participation by Brown likely would have required a continuance of the hearing, and might
have been painful for Vance and T.L.B. But concerns for efficiency and economy are
inferior to the private interest at stake as well as the risk of an erroneous termination
decision. M.S., 115 S.W.3d at 548. As the Texas Supreme Court has noted, “[t]ermination
of parental rights is traumatic, permanent and irrevocable . . . . For this reason, any
significant risk of erroneous deprivation is unacceptable.” M.S., 115 S.W.3d at 549. When
disputing parties join issue, a procedure that denies the participation of one party naturally
heightens the prospect of an erroneous decision. Our system of justice tests the evidence
and pursues truth not through private judicial inquiry but through an adversarial process
employing such means as live testimony and confrontation by cross-examination. See
LaPointe v. State, 166 S.W.3d 287, 294 (Tex.App.–Austin 2005, pet. dismissed). Although
an inmate does not have an absolute right to appear personally in court in a civil case,
Armstrong v. Randle, 881 S.W.2d 53, 56-57 (Tex.App.–Texarkana 1994, writ denied), he
may not be denied reasonable access to the courts. See Hudson, 468 U.S. at 523, 104
S.Ct. at 3198 (prison inmates may petition government for redress of grievances which
includes reasonable access to courts); In re D.D.J., 136 S.W.3d 305, 313-14
(Tex.App.–Fort Worth 2004, no pet.). Several of our sister courts have held in bench
warrant cases that if a court determines a pro se inmate in a civil suit may not appear
personally, it should allow the inmate to proceed by telephone, affidavit, or deposition. 
D.D.J., 136 S.W.3d at 314; In re Marriage of Buster, 115 S.W.3d 141, 144
(Tex.App.–Texarkana 2003, no pet.); In re Marriage of Daugherty, 42 S.W.3d 331, 336
(Tex.App.–Texarkana 2001, no pet.); Byrd v. Attorney Gen. of Tex., Crime Victim’s Comp.
Div., 877 S.W.2d 566, 569 (Tex.App.–Beaumont 1994, no writ) disapproved on other
grounds by In re Z.L.T., 124 S.W.3d 163, 166 (Tex. 2003).
          Among the cases Vance cites in support of her argument the trial court did not err
by summarily denying Brown’s motion is In re B.R.G., 48 S.W.3d 812 (Tex.App.–El Paso,
no pet.), which upheld a trial court’s denial of a bench warrant. The case is distinguishable
from that at bar. The appellant in B.R.G. was complaining of a judgment awarding child
support, not termination of parental rights. 48 S.W.3d at 814. Termination proceedings
are strictly scrutinized. Holick, 685 S.W.2d at 20-21. Further, the defendant in B.R.G.
asked only for a bench warrant. We read Brown’s motion more broadly. 
          Applying the Eldridge factors, we find Brown was entitled to participate in the
termination hearing. This may not have been feasible by video teleconference as he
requested. The record offers no indication. But the trial court should have considered and
authorized participation by telephone, affidavit, deposition, or some other reasonable
means, the determination of which rested within its sound discretion. See Lann v. La Salle
County, No. 04-02-00005-CV, 2003 WL 141040, at *1, 2003 Tex. App. LEXIS 549, at *3-4
(Tex.App.–San Antonio Jan. 22, 2003, no pet.) (memo. op.) (in suit for delinquent taxes,
defendant pro se inmate, while not required to personally appear for trial, should have
been allowed to proceed by another “viable” means). We find the trial court abused its
discretion in its handling of Brown’s motion requesting participation in the termination
hearing.
          We turn now to whether this error was harmful. We find no authority excusing even
denial of due process claims in a parent-child termination case from the strictures of a
harmful error analysis. Cf. In re K.R., 63 S.W.3d 796, 799 (Tex. 2001) (Fourteenth
Amendment did not preclude application of harmless error rule in termination case where
imprisoned father was kept handcuffed in front of jury). To obtain reversal of a judgment
based on trial court error, the appellant must show the error probably caused rendition of
an improper judgment or probably prevented the appellant from properly presenting the
case to the appellate court. Tex. R. App. P. 44.1(a); In re Baby Boy R, 191 S.W.3d 916,
922-23 (Tex.App.–Dallas 2006, pet. denied). 
          Brown unsuccessfully moved to represent himself at the termination hearing and
intended to conduct cross-examination. We are otherwise left without indication what
evidence he would have adduced at trial since his participation was not permitted. This
does not preclude a finding of harm, however. In Monsanto Co. v. Davis, a case
concerning class certification, the court of appeals found the trial court abused its
discretion by excluding a substantial body of documentary evidence offered by the
defendants. 25 S.W.3d 773, 784-86 (Tex.App.–Waco 2000, pet. dism’d w.o.j.). The error,
the court concluded, “plainly prevented Defendants from presenting their case” in the
appellate court. Id. at 786. In a setting more like that before us, Taylor v. Taylor, was a
divorce and child support proceeding against an incarcerated husband and father. 63
S.W.3d 93, 94 (Tex.App.–Waco 2001, no pet.). The trial court denied the defendant’s
request for a bench warrant and did not allow his participation by affidavit, deposition,
telephone, or other effective means. Id. at 98. The case was tried in the absence of the
defendant. The court’s judgment inter alia recited that the defendant “‘failed to appear and
wholly made default.’” Id. at 96. The Waco court found the trial court abused its discretion
by not allowing the defendant to participate in trial or present evidence in any manner. Id.
at 98. Following Monsanto, the court concluded the error was harmful. By denying a
bench warrant or alternative means of participation, the trial court probably prevented
presentation of the defendant’s case on appeal. Id. 
          Like Taylor, when the trial court here denied Brown any method of meaningful
participation at trial it foreclosed his presentation of evidence countering that of Vance. 
This, in turn, “probably prevented [Brown] from properly presenting the case” on appeal. 
Tex. R. App. P. 44.1(a)(2); see In re M.C., 65 S.W.3d 188, 194 (Tex.App.–Amarillo 2001,
no pet.) (on appeal of divorce and paternity case, court found trial court’s rulings excluding
evidence probably prevented wife from fully presenting evidence and probably prevented
proper presentation of case on appeal). We sustain Brown’s second and fifth issues.
Conclusion
          Finding Brown’s second and fifth issues dispositive of the appeal, we do not address
his remaining issues. See Tex. R. App. P. 47.1. We reverse the trial court’s judgment and
remand the cause for further proceedings consistent with this opinion.
 
James T. Campbell

Justice