*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00568-CV

Robert V. **MARTINEZ** Jr.,
Appellant

v.

Emilia C. **MARTINEZ**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-01073
Honorable Michael Peden, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
            Phylis J. Speedlin, Justice
            Marialyn Barnard, Justice

Delivered and Filed: June 30, 2010

MOTION TO REVERSE AND REMAND GRANTED; REVERSED AND REMANDED

This is an appeal from a final decree of divorce. On appeal, Robert V. Martinez Jr. contends, among other things, the trial court erred in denying his request for a jury trial. We reverse and remand the trial court's judgment.

Emilia C. Martinez filed an original petition for divorce. Mr. Martinez, an inmate, filed an answer, and subsequently a written request for a jury trial. On the day of trial, Mrs. Martinez appeared personally and through her attorney; Mr. Martinez appeared pro se by telephone. Mr.

Martinez reurged his request for a jury trial, but it was denied. At the conclusion of the trial, the trial court granted the divorce, and ultimately signed a written judgment. Mr. Martinez timely filed a notice of appeal.

Among his many appellate complaints, all of which would require a remand rather than a rendition, Mr. Martinez contends the trial court abused its discretion by denying his request for a jury trial. We review the trial court's denial of a jury demand for an abuse of discretion. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996); *In re W.B.W.*, 2 S.W.3d 421, 422 (Tex. App.—San Antonio 1999, no pet.). A trial court abuses its discretion if it denies a jury trial after a timely and proper request unless the opposing party shows the granting of a jury trial would injure the opposing party, disrupt the court's docket, or impede the ordinary handling of the court's business. *Taylor v. Taylor*, 63 S.W.3d 93, 101 (Tex. App.—Waco 2001, no pet.).

The clerk's record establishes Mr. Martinez filed a written demand for a jury trial more than thirty days before the trial. *See* TEX. R. CIV. P. 216. Although Mr. Martinez did not pay the jury fee, he filed several affidavits of inability to pay costs. *See* TEX. R. CIV. P. 217. Accordingly, Mr. Martinez followed the necessary procedural requirements for obtaining a jury trial.

Even if a party complies with the mandates of rule 216, the party must act affirmatively to secure his right to a jury trial by either "object[ing] on the record to the trial court's action [in proceeding without a jury] or indicat[ing] affirmatively on the record [he] intends to stand on his perfected right to a jury trial." *Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat'l Assurance Co.*, 875 S.W.2d 385, 387 (Tex. App.—Dallas 1993, no writ); *see also In re M.P.B.*, 257 S.W.3d 804, 811 (Tex. App.—Dallas 2008, no pet.) (holding appellant waived right to jury trial by failing to object to case "going forward without a jury or affirmatively indicate he intended to stand

on his right to a jury trial"). Here, before the trial began, Mr. Martinez informed the trial court he had requested a jury trial, affirmatively indicating he intended to stand on his right to a jury trial. *See id.* Mr. Martinez, therefore, did not waive his right to a jury trial. *See id.*

Mrs. Martinez does not contest Mr. Martinez's claim that he was improperly denied a jury trial. *See Taylor*, 63 S.W.3d at 101. In fact, she has filed a motion in this court in which she concedes the trial court erred in denying Mr. Martinez's demand for a jury trial.[1] In her motion, she asks that we reverse the trial court's judgment and remand the case to the trial court for further proceedings.

Based on the foregoing, we hold the trial court abused its discretion in denying Mr. Martinez's request for a jury trial. Given our disposition of this issue, and because Mr. Martinez did not assert any issues entitling him to rendition, we need not address his other contentions. We grant Mrs. Martinez's motion to reverse the judgment and remand the matter for further proceedings. We reverse the trial court's judgment and remand this case for further proceedings consistent with this court's opinion.

Marialyn Barnard, Justice

---

[1] The motion to which we refer is an amended motion. Mrs. Martinez originally filed another motion in this court asking that we remand because of the denial of a jury trial. However, it appeared from statements in the original motion that Mrs. Martinez was contending she was denied a right to a jury trial. Because Mrs. Martinez had not perfected her own appeal or brought a cross-point on this issue, we denied her original motion. In her amended motion, Mrs. Martinez clarifies her request is based on her agreement that her ex-husband was improperly denied a jury trial.